UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

MOUNTAIN VALLEY PIPELINE, LLC
      Plaintiff,

v.                                      CIVIL ACTION NO 2:24-cv-12 Kleeh

JEROME JAMES WAGNER
      Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT JEROME JAMES WAGNER'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(5) and 12(b)(6)**

In support of his Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(2), 12(b)(5), and 12(b)(6), Defendant Jerome James Wagner ("Wagner") respectfully directs this Court's attention to the following points and authorities.

I. **The Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(5) Due to Lack of Personal Jurisdiction and Insufficient Service of Process.**

A. **Strict compliance with § 56-3-33 is necessary to effectuate service upon, and establish personal jurisdiction over, nonresident defendants.**

In West Virginia, a "plaintiff who wants to effect personal jurisdiction over a nonresident defendant must comply with statutory processes." *ABB Construction, LLC v. Allen*, No. 1:23-CV-34, 2024 WL 100285, at *3 (N.D. W. Va. Jan. 9, 2024) (quoting *State ex re. Monster Tree Serv., Inc. v. Cramer*, 244 W. Va. 355, 366, 853 S.E.2d 595, 606 (2020)). Specifically, as this Court has recognized, W. Va. Code

§ 56-3-33 "requires nonresident defendants to be served through the West Virginia Secretary of State to create personal jurisdiction." *ABB Construction, LLC*, *supra*, at *3.

Under West Virginia law, actual notice of a lawsuit by a nonresident defendant is insufficient to establish personal jurisdiction. *Leslie Equip. Co. v. Wood Res. Co.*, 224 W. Va. 530, 536, 687 S.E.2d 109, 115 (2009). Rather, strict compliance with § 56-3-33 is required. *Id.*, 224 W. Va. at 533-36, 536 n. 20 (citing *Schwepps U.S.A. Ltd. v. Kiger*, 158 W. Va. 794, 800, 214 S.E.2d 867, 871 (1975)) (noting that "strict compliance is generally required where manner of service of process is specified statutorily" and finding constructive service insufficient to establish personal jurisdiction given plaintiff's failure to comply with the requirements of § 56-3-33).

> **B. MVP has not strictly complied with § 56–3–33 because the Secretary of Secretary has not forwarded the Summons to Mr. Wagner's nonresident address and because the recipient of the Summons at the incorrect address was not Mr. Wagner's duly authorized agent.**

In *Nationwide Property and Cas Ins. Co. v. Washington Mut. Bank, F.A.*, No. 3:10-CV-1, 2010 WL 3522111 (N.D. W. Va. Sept. 8, 2010), Judge Bailey set forth the general requirements necessary to perfect service under § 56-3-33. Noting that § 56-3-33(c) "outlines when and how service is perfected by the West Virginia Secretary of State[,]" Judge Bailey found that the "statute provides that service is

2

effective when made upon the Secretary of State **_and_** the [S]ecretary of State has forwarded the Summons to the party to be served **_and_** that party has either signed and accepted service or refused to accept service." *Nationwide Property and Cas Ins. Co.*, *supra*, at *2-3 (emphasis in original); *see also Wansley v. Kennerly*, No. 3:12-5852, 2012 WL 6020062, at *1 (S.D. W. Va. Dec. 3, 2012).

W. Va. Code § 56-3-33(c) explicitly requires that the Secretary forward the summons and complaint to the defendant "at his or her nonresident address" to effectuate service. *York v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:12-CV-06582, 2013 WL 5504435, at *11 (S.D. W. Va. Oct. 3, 2013). Additionally, service under § 56-3-33 is insufficient if received and accepted by a non-party who is not the "duly authorized agent" of the defendant. *Tucker v. Thomas*, No. 5:10CV31, 2011 WL 1119661, at *4-5 (N.D. W. Va. Mar. 24, 2011).

A person's "duly authorized agent" is:

> [A] person who, at the direction of or with the knowledge or acquiescence of a nonresident, engages in such act or acts and includes among others a member of the family of the nonresident or a person who, at the residence, place of business, or post office of the nonresident, usually receives and receipts for mail addressed to the nonresident.

*Id.*, at *4 (quoting § 56-3-33(e)(1)).

Here, service is defective for two reasons. First, the Secretary failed to forward the summons and complaint to Mr. Wagner's "nonresident address" as required by § 56-3-33(c). Instead, the Secretary forwarded service to the address of

3

Mr. Wagner's ex-wife, where Mr. Wagner has never resided. *See* Exhibit A (Affidavit of Jerome Wagner). Under the plain language of § 56-3-33(c), service has not been perfected. *York*, No. 2:12-CV-06582, 2013 WL 5504435, at *11.

Second, although Mr. Wagner's ex-wife received the summons and complaint from the Secretary, she is not Mr. Wagner's "duly authorized representative" within the meaning of § 56-3-33(c) and § 56-3-33(e)(1). Mr. Wagner's ex-wife is no longer a member of Mr. Wagner's family: Mr. Wagner and his ex-wife have been divorced since 2004. Exhibit A. Mr. Wagner's ex-wife does not "usually receive" mail for Mr. Wagner, who has never previously received mail addressed to him at his ex-wife's address or asked his ex-wife to receive mail for him at that address. *See* 56-3-33(e)(1); Exhibit A. Nor did Mr. Wagner ever direct, authorize, or knowingly acquiesce to his ex-wife accepting service of process on his behalf. *See Tucker*, 2011 WL 1119661, at *4-5; Exhibit A.

\* \* \*

Because MVP has failed to strictly comply with the service provisions of W. Va. Code § 56-3-33, the Complaint must be dismissed for lack of personal jurisdiction and insufficient service of process.

4

### II. The Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Because It Fails to State a Claim.

**A. Introduction.**

For purposes of this motion, Defendant Wagner assumes, as he must, the truthfulness of the allegations in Plaintiff's Complaint. However, Mr. Wagner does not otherwise concede or stipulate to the allegations in the Complaint. Two of the "counts" MVP asserts are not legally cognizable causes of action under West Virginia law, and the other four, MVP invokes inapplicable legal theories in support of the other four counts. Because MVP has made no factual allegations that, if true, would be sufficient to warrant relief, dismissal under Rule 12(b)(6).

**B. Factual Background.**

MVP "is a natural gas company holding a certificate from the Federal Energy Regulatory Commission ("FERC") to construct and operate a new natural gas pipeline from Wetzel County, West Virginia to Pittsylvania County, Virginia." (Compl., ECF Doc. 1-1, ¶ 1.) MVP alleges that "[t]hrough voluntary agreements with property owners and/or condemnation proceedings, MVP has acquired temporary and permanent easements to construct and operate the pipeline on the land at issue ("Subject Property")." (*Id.* at ¶ 8.) MVP alleges that Wagner "is opposed to the Project [defined as "a natural gas pipeline to be used for interstate commerce . . . being constructed through Webster County, West Virginia"] and working with

others has declared his opposition to the Project and his intention, working individually and with others, to interfere with the Project by unlawful means." (*Id.* at ¶¶ 4, 9.)

MVP alleges that "[o]n or about November 2, 2023, without the permission of MVP, Defendant entered upon the Subject Property and attached himself by a mechanical device to equipment being used on the Subject Project." (*Id.* at ¶ 10.) MVP alleges that the "action of the Defendant caused the shutdown of the Project, including the idling of equipment, personnel and otherwise preventing construction to proceed on the Project" and that Wagner "proximately caused the shutdown of the Project for approximately four hours, thereby preventing MVP from conducting work on the Project and causing MVP to incur costs for the delay, idling of equipment and personnel and otherwise causing damage to MVP." (*Id.* at ¶¶ 11, 15.) MVP alleges, without further explanation, that "[t]he obstruction of the Project harmed MVP's ability to construct the Project within the time allowed by FERC and otherwise provide natural gas service in interstate commerce." (*Id.* at ¶ 23.)

MVP's claims against Wagner are for Trespass (Count One) (*id.* at ¶¶ 12 - 18), Injunction (Count Two) (*id.* at ¶¶ 19 - 29), Tortious Interference (Count Three) (*id.* at ¶¶ 30 - 35), Violation of W. VA. CODE § 61-10-34 (Count Four) (*id.* at. ¶¶ 36 – 42), Civil Conspiracy (Count Five) (*id.* at ¶¶ 43 – 46), and Punitive Damages (Count Six) (*id.* at ¶¶ 47– 50).

6

### III.  ARGUMENT.

### A. Standard.

This Court set forward the standard applicable to a FED. R. CIV. P. 12(b)(6) motion to dismiss in *Brown v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, No. 1:22-CV-80, 2023 WL 8361745 (N.D. W. Va. Dec. 1, 2023):

> In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." *Anderson v. Sara Lee Corp*, 805 F. 3d 181, 188 (4th Cir. 2007) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. E. 2d 1081 (2007)).  **A court is "not bound to accept as true a legal conclusion couched as a factual allegation**." *Papasan v. Allain*, 478 U.S. 265, 286 106 S. Ct. 2932, 92 L.Ed.2d 209 (1987).
>
> **A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face."**  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  **Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.**" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F. 2d 943, 952 (4th Cir. 1992).

*Brown v. Bureau of Alcohol, Tobacco, Firearms and Explosives* at 123 (emphasis and bold added).

**B. MVP's trespass claim fails both because 1) MVP had no possessory interest in, nor right to exclude Wagner from, the Subject Property and 2) MVP has not alleged damage to property.**

MVP's Complaint fails to state a claim for Trespass because 1) MVP has no possessory interest in the Subject Property at issue and no right to exclude Wagner, and 2) MVP has not alleged any damage to property.

As this Court has recognized, under West Virginia law, common law trespass is "'an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property.'" *CSX Transportation, Inc., Plaintiff/Counterclaim Defendant, v. Rebecca Caloccia, Defendant/Counterclaim Plaintiff, & Virginia Christafore & Nancy Duda, Defendants*, No. 1:20CV224, 2021 WL 3612275, at *3 (N.D. W. Va. Aug. 13, 2021) (quoting *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 386 (4th Cir. 2013) (internal citation and emphasis omitted)); *see also*, *e.g.*, *Bailes v. Tallamy*, No. 21-1008, 2023 WL 2785792, at *3 (W. Va. Apr. 5, 2023) (quoting *EQT Prod. Co. v. Crowder*, 241 W. Va. 738, 828 S.E.2d 800 (2019)).

Further, "'"[a]n invasion must constitute an interference with possession in order to be actionable as a trespass."'" *Barker v. Naik*, No. 2:17-cv-04387, 2018 WL 3824376, at *4 (S.D. W. Va. Aug. 10, 2018) (quoting *Rhodes v. E.I. Du Pont de Nemours & Co.*, 657 F. Supp. 2d 751, 771 (S.D. W. Va. 2009) (quoting W. PAGE

8

KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 13 at 70 (5th ed. 1984)).

MVP alleges that Wagner "illegally enter[ed] upon the property" and "refused requests to leave the Subject Property[.]" (Compl., ECF Doc. 1-1, ¶¶ 14, 16.) MVP does not own the Subject Property, but alleges that "[t]hrough voluntary agreements with property owners, MVP has acquired temporary and permanent easements to construct and operate the pipeline on the land at issue ("Subject Property")." (*Id.* ¶ 11.)

"With respect to easements, [the West Virginia Supreme Court of Appeals] has previously stated that 'an easement may be defined as the right one person has to use the lands of another for a specific purpose." *Quintain Dev., LLC v. Columbia Nat. Res., Inc.*, 556 S.E.2d 95, 135 (W. Va. 2001) (quoting *Kelly v. Rainelle Coal Co.*, 64 S.E.2d 606, 613 (W. Va. 1951), *overruled in part on other grounds by Kimball v. Walden*, 301 S.E.2d 210 (W. Va. 1983)). The right created by an easement is "nonpossessory." *Id.* (quoting RESTATEMENT (THIRD) PROPERTY § 1.2(1) (2000)); *see also United States Forest Service v. Cowpasture River Preservation Association*, 590 U.S. 604, 613, 140 S. Ct. 1837, 1844 (2020) ("easements grant only nonpossessory rights of use limited to the purposes specified in the easement agreement").

9

As trespass is interference "with possession," *Barker*, 2018 WL 3824376, at *4 (quoting *Rhodes*, 657 F. Supp. 2d at 771 (quoting W. PAGE KEETON ET AL., § 13 at 70)), and the right created by an easement is "nonpossessory," *Quintain Dev.*, 556 S.E.2d at 135 (quoting RESTATEMENT (THIRD) PROPERTY § 1.2(1)), MVP's allegations that it has easement rights with respect to the Subject Property cannot form the basis for a trespass claim.

Additionally, MVP fails to allege any damages to property resulting from any alleged trespass. This, too, is fatal to the trespass claim and an additional, independent reason why dismissal is appropriate. *See Meeks v. McClung*, No. 2:20-cv-00583, 2021 WL 3630526, at *7 (S.D. W. Va. May 3, 2021) (recommending that motion to dismiss common-law trespass claims brought under West Virginia law because "assuming, as Plaintiff implies, that [Defendants] came onto his property without lawful authority after he moved the vehicle that was the subject of the parking complaint, he has not alleged that they damaged his real property in any manner"), *adopted by* 2021 WL 3013361 (S.D. W. Va. July 16, 2021); *see also, e.g.*, *CSX Transportation, Inc*, No. 1:20CV224, 2021 WL 3612275, at *3 *Bailes*, No. 21-1008, 2023 WL 2785792, at *3.

*Meeks* involved warrantless entry onto commercial property by city code enforcement officials who, after entering the property, allegedly "unlawfully searched [the plaintiff's] property, collected evidence, and took photographs."

*Meeks*, No. 2:20-cv-00583, 2021 WL 3630526, at *1.  Although the Court found these allegations to be sufficient to state a claim for relief under 42 U.S.C. § 1983 based on Fourth Amendment violations, the allegations failed to state a claim for trespass because they did not sufficiently allege the essential element of damage to property.  *Id.* at *3-4, *7.  Whereas in *Meeks*, the defendant city code enforcement officials were alleged to have entered, investigated, disrupted by taking evidence from, and photographed the plaintiff's property without permission, yet the complaint did not sufficiently allege damages, here MVP does not even attempt to allege *damage* to any property.  MVP's trespass claim fails for this additional reason.

### C. MVP's "claim" for injunction is appropriately dismissed because it is not an independent cause of action.

Injunctive relief is a remedy; it is not an independent cause of action. *Standiford v. Rodriguez-Hernandez*, No. 5:10CV24, 20210 WL 3670721, at *3 (N.D. W. Va. Sept. 15, 2010) (quoting *Pinnacle Min. Co., LLC v. Bluestone Coal Corp.*, 624 F. Supp. 2d 530, 539-40 (S.D. W. Va. 2009)) ("A request for injunctive relief does not constitute an independent cause of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in the . . . substantive counts."). *See also*, *e.g.*, *Cunningham Energy, LLC v. Vesta O & G Holdings, LLC*, 578 F. Supp. 3d 798, 819 (S.D. W. Va. 2022) (dismissing causes of action for

injunctive relief). MVP's count for injunctive relief (Count Two) is appropriately dismissed for this reason.

### D. MVP's tortious-interference claim fails because MVP does not allege interference with any relationship.

A plaintiff alleging tortious interference must plead interference with a "business relationship." *DLB Enter. LLC v. Kanawha Stone Co.*, No. 2:22-cv-00046, 2022 WL 2679457, at *3-4 (S.D. W. Va. July 11, 2022) (citing *Talbot 2002 Underwriting Cap., Ltd. v. Old White Charities, Inc.*, No. 5:15-cv-12542, 2016 U.S. Dist. WL 3162135, at *6 (S.D. W. Va. June 3, 2016) (dismissing tortious-interference claim for failure to sufficiently allege intentional interference with business relationship) *See also King v. Teays Valley Health Servs., Inc.*, No. 2:05-cv-00463, 2006 WL 297719, at *3 (S.D. W. Va. Feb. 7, 2006) (noting that "to state a claim for tortious interference, [plaintiff] must allege that [defendant] interfered in a contractual relationship between [plaintiff] and a third party" and concluding that plaintiff failed to plead interference with relationship with a third party). The plaintiff in *King* alleged that the defendant improperly stripped him of his general orthopedic privileges. 2006 WL 297719, at *2. The complaint in *King*, however, like MVP's complaint, failed to allege any interference by the defendant with any third-party relationship (such as with the plaintiff's clients), and the Court appropriately dismissed the tortious-interference claim. *Id.* at *3-4.

MVP alleges only that it "has a contractual and business expectancy for the construction of the Project." (Compl., ECF Doc. 1-1, ¶ 32.)  MVP does not allege breach or loss of, or material interference with, any contractual relationship or any relationship with any third party resulting from Mr. Wagner's alleged, approximately four-hour protest.  Its tortious-interference claim consequently fails.

### E. MVP's W. VA. CODE § 61-10-34 fails because MVP does not allege damage to real or personal property.

W. VA. CODE § 61-10-34(d)(1) provides that "[a]ny person who is arrested for or convicted of an offense under this section may be held civilly liable for any damages to personal or real property while trespassing."  MVP does not allege any "damages to personal or real property."  Its W. VA. CODE § 61-10-34 claim fails as a result.

### F. MVP's civil-conspiracy claim fails due to the absence of an underlying tort.

"[C]ourts in West Virginia dismiss civil conspiracy claims when they are not supported by an underlying tort."  *Sheehan v. Saoud*, 650 F. App'x 143, 153 (4th Cir. 2016) (citing *Long v. M & M Transp., LLC*, 44 F. Supp. 3d 636, 652 (N.D. W. Va. 2014)). As MVP's underlying tort claims asserted against Wagner are all appropriately dismissed, so, too, is MVP's civil-conspiracy claim.

### G. MVP's claim for punitive damages is appropriately dismissed because it is not an independent cause of action.

"[U]nder West Virginia law, a separate cause of action for punitive damages does not exist." *Slampak v. Nationwide Ins. Co. of Am.*, No. 5:18CV154, 2019 WL 3304814, at *5 (N.D. W. Va. July 23, 2019) (citing *Cook v. Heck's Inc.*, 342 S.E.2d 453, 461 n.3 (W. Va. 1986)); *see also Durbin v. Nationwide Mutual Insurance Co.*, No. 5:18-CV-211, 2019 WL 1545671, at *1 n. 1 (Apr. 9, 2019) (same); MVP's "claim" for punitive damages (Count Six) is appropriately dismissed for this reason.

### CONCLUSION

For the foregoing reasons, Wagner respectfully requests that his motion to dismiss be granted and that the Complaint in this matter be dismissed.

Respectfully submitted,

**JEROME JAMES WAGNER**

By Counsel

/s/ William V. DePaulo
William V. DePaulo, Esq. #995
860 Court Street North, Suite 300
Lewisburg, WV 24901
Phone: (304) 342-5588
Fax: (866) 850-1501
william.depaulo@gmail.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA
# AT ELKINS

MOUNTAIN VALLEY PIPELINE, LLC
    Plaintiff,
v.                                        CIVIL ACTION NO 2:24-cv-12 Kleeh

JEROME JAMES WAGNER
    Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss, was filed electronically with the Clerk of the Court, via the CM/ECF system, this 1st day of July, 2024, and thereby served on Counsel for the Plaintiff as follows:

Timothy M. Miller, Esq.  #2564
Matthew S. Casto, Esq. #8174
Robert M. Stonestreet, Esq. #9370
Jennifer J. Hicks, Esq. #11423
Austin D. Rogers, Esq. #13919
BABST CALLAND, P.C.
300 Summers Street, Suite 1000
Charleston, WV 25301
Tel: 681-205-8888
Fax: 681-205-8814

/s/William V. DePaulo
William V. DePaulo