# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

**MOUNTAIN VALLEY PIPELINE, LLC,**

    **Plaintiff,**

v.                                                                                                                           **Civil Action No. 2:24-cv-12**
                                                                                                                             **Judge Kleeh**

**JEROME JAMES WAGNER,**

    **Defendant.**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

Mountain Valley Pipeline, LLC ("MVP"), by counsel, states as follows in response to Defendant's Motion to Dismiss (ECF 6):

### Background

MVP is a natural gas company that has been constructing a natural gas pipeline from Wetzel County, West Virginia to Pittsylvania County, Virginia (the "Project"). *See* Compl., ECF 1, ¶ 1. MVP's work on the Project has been specifically authorized by Congress and the Federal Energy Regulatory Commission. *See id.* ¶¶ 1, 4–7. To accomplish its work, MVP has acquired temporary and permanent easements for property underlying the pipeline, including a portion of the pipeline that runs through Webster County, West Virginia (the "Subject Property"). *See id.* ¶¶ 3, 8.

Defendant is opposed to the Project and has worked both individually and in concert with others to interfere with the Project through unlawful means. *See id.* ¶ 9. On or around November 2, 2023, Defendant entered the Subject Property without MVP's permission and attached himself by mechanical device to a piece of equipment being used for the Project. *See id.* ¶ 10. When confronted, Defendant refused to detach himself from the equipment and refused to leave the Subject Property. *See id.* ¶ 14–16. Over the ensuing hours, members of the West Virginia State

Police maneuvered to the Subject Property, removed Defendant from the mechanical device, and arrested Defendant for trespass, obstructing an officer, violation of the Critical Infrastructure Protection Act, and conspiracy against the state. *See id.* ¶ 16. On February 7, 2024, Defendant entered a plea agreement in which he pleaded guilty to obstructing an officer. *See id.* ¶ 17.

MVP filed the summons and complaint in this action on April 30, 2024, and MVP served both documents upon Defendant by and through the West Virginia Secretary of State in accordance with W. Va. Code § 56-3-33. *See* Summons, April 30, 2024 (attached as **Exhibit A**). On July 1, 2024, Defendant filed his motion to dismiss, arguing in part that although he received the summons and complaint, he was not served because the Secretary of State sent the summons and complaint to Defendant's ex-wife's house. *See generally* Def's Mem. Supp. Mot. Dismiss, ECF 6-1. On July 11, 2024, MVP served another copy of the summons and complaint upon Defendant by and through the Secretary of State using a different address which, upon information and belief, is Defendant's current address. *See* Summons, July 11, 2024 (attached as **Exhibit B**).

## Argument

Defendant's motion should be denied for several reasons:[1]

*First*, this Court has personal jurisdiction over Defendant because MVP properly served him through the West Virginia Secretary of State on May 16, 2024, and Defendant received actual notice of that service.

---

[1] If this Court grants Defendant's motion to dismiss for lack of personal jurisdiction, it must do so without prejudice and on that ground alone. *See Progressive Mins. LLC v. Rashid*, No. 5:07-cv-108, 2008 WL 4416408, *6 (N.D. W. Va. Sept. 24, 2008) ("[A] dismissal for lack of personal jurisdiction is not considered an adjudication on the merits and therefore does not warrant dismissal with prejudice."); *ABB Construction, LLC v. Allen*, No. 1:23-cv-34, 2024 WL 100285, at *3 (N.D. W. Va. Jan. 9, 2024) (Judge Kleeh) (declining to address alternative grounds for dismissal after concluding this Court did not have personal jurisdiction over the defendant).

***Second***, even if this Court does not have personal jurisdiction by virtue of the May 16, 2024 service—which it does—MVP has re-served Defendant with what it understands upon information and belief to be Defendant's current home address. Thus, Defendant's Motion is moot.

***Third***, Defendant has not established any substantive grounds by which any of MVP's claims should be dismissed.

Accordingly, this Court should deny Defendant's motion as a matter of law.

**I.    Legal Standard**

"In ruling on a 12(b)(6) motion to dismiss, a court 'must accept as true all of the factual allegations contained in the complaint." *Brown v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 1:22-cv-00080 at *7 (N.D. W. Va. Aug. 30, 2022) (Judge Kleeh) (quoting *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007). Courts should only dismiss a complaint when "it does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances." *Booth v. Old Nat. Bank*, 900 F. Supp. 836, 840 (N.D. W. Va. 1995).

**II.   This Court has personal jurisdiction over Defendant because the West Virginia Secretary of State accepted service on Defendant's behalf.**

Defendant argues that he was not served because the Secretary of State forwarded the summons and complaint to the wrong address and because the recipient thereof was not his duly authorized agent. *See* Def's Mot. Dismiss, ECF 6 at 2. That is not the case: Defendant was *served*, he arguably just did not receive *notice* of service through the Secretary of State. Of course, Defendant acknowledges that he ultimately *did* receive notice of service. *See* Wagner Aff., ECF 6-

3

2 ¶ 5 (defendant acknowledging that his ex-wife, who originally received the summons and complaint, provided the same to Defendant). Accordingly, Defendant's position is not only wrong as a matter of law, it is entirely moot; this Court had personal jurisdiction of over Defendant the moment Plaintiff served the Secretary of State with a copy of the summons and complaint, and Defendant had notice of the action the moment his ex-wife provided him with the same. Accordingly, Defendant's motion should be denied.

West Virginia's long-arm statute provides that when a nonresident causes tortious injury in the state, that conduct constitutes appointment of the West Virginia Secretary of State as the nonresident's "true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her" and "shall be a signification of such nonresident's agreement that any such process against him or here, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state." W. Va. Code § 56-3-33.

In turn, the long-arm statute provides that "[s]ervice shall be made [b]y leaving the original and two copies of both the summons and the complaint, and the fee required by § 59-1-2 of [W. Va. Code] with the Secretary of State, or in his or her office, ***and this service shall be sufficient upon the nonresident***." W. Va. Code § 56-3-33 (emphasis added). While it is true that the Secretary of State is required to send "*notice* of the service and a copy of the summons and complaint . . . to the defendant" thereafter, "the acceptance by the Secretary of State . . . is the legal equivalent of personally serving that nonresident within this State." *Leslie Equipment Co. v. Wood Resources Co., L.L.C.*, 224 W. Va. 530, 536 (2009) (citing W. Va. Code § 56-3-33) (emphasis added). In other words, it is a plaintiff's act of sending the summons and complaint to the Secretary of State that effectuates service, *not* the subsequent transmittal of the service documents to the defendant.

Defendant cites to *ABB Construction, LLC v. Allen* for the propositions that (a) a "plaintiff who wants to effect personal jurisdiction over a nonresident defendant must comply with statutory processes," and (b) W. Va. Code § 56-3-33 "requires nonresident defendants to be served through the West Virginia Secretary of State to create personal jurisdiction." *See* Def's Motion to Dismiss, ECF 6-1 at 1–2 (quoting *ABB Construction, LLC v. Allen*, No. 1:23-cv-34, 2024 WL 100285 (N.D. W. Va. Jan. 9, 2024)). Plaintiff agrees with those propositions, but it also agrees with a quote Defendant did not include: "The Secretary of State's acceptance of service is the legal equivalent of personally serving that nonresident in the state." *Allen*, 2024 WL 100285 at *2 (quotes omitted).

In *Allen*, this Court did not have personal jurisdiction because the plaintiff did not file anything with the Secretary of State at all. Instead, the plaintiff served the defendant by way of personal service outside of West Virginia. *See id.* at *3 ("Section 56-3-33 requires nonresident defendants to be served through the West Virginia Secretary of State to create personal jurisdiction. Because Plaintiff failed to serve the Summons and complaint upon the Secretary of State, this Court does not have *in personam* jurisdiction over Ms. Allen."); *see id.* at *2 ("In a civil suit *in personam* jurisdiction over the defendant . . . implies . . . <u>service of process upon him at a place where the officer serving it has authority to execute a writ of summons</u>.") (quoting *Fabian v. Kennedy*, 333 F. Supp. 1001, 1005 (N.D. W. Va. 1971) (emphasis in original). Indeed, this Court recognized that there is a distinction between whether a party has notice of a lawsuit and whether a court has personal jurisdiction. *See id.* at *3 ("[A]lthough valid [personal service] provides appropriate notice to persons against whom claims are made, it does not ensure that the defendant is also within the *in personam* jurisdiction power of the court.") (quoting 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1061 at p. 319 (3rd Ed. 2002)).

5

Here, Plaintiff *did* serve the Secretary of State, and thus this Court has personal jurisdiction over Defendant. At most, the fact that the summons had a wrong address *could* have prevented Defendant from receiving *notice* of this action. But as Defendant's affidavit makes clear, he has received notice as well. *See* Wagner Aff., ECF 6-2 ¶ 5 ("Jane Wagner provided me with the summons and complaint after she received it . . . ."). Accordingly, this Court should deny Defendant's Motion.

**III.   If this Court determines that service of process is not complete until Defendant has received the specific summons and complaint that the Secretary of State sent to Defendant's home address, then this Court should delay its ruling pending confirmation of delivery.**

MVP has re-served Defendant through the Secretary of State with what MVP understands, upon information and belief, to be Defendant's new and correct address. Dismissal at this stage is moot, and the better course is to merely obtain confirmation that notice has been delivered to the correct address. Accordingly, if this Court concludes that Defendant has not yet been served, it should delay its ruling pending confirmation that Defendant has received the newly delivered summons and complaint.

**IV.   The Complaint cannot be dismissed pursuant to Rule 12(b)(6) because it pleads facts sufficient to state a claim against Defendant.**

Assuming this Court determines that it has personal jurisdiction over Defendant, then this Court should deny Defendant's motion to dismiss on the 12(b)(6) grounds set forth therein.

   *a.   MVP states a claim for trespass.*

Defendant argues that MVP's claim for trespass must be dismissed because (a) MVP has no possessory interest in the subject property, and (b) MVP has not alleged any damage to the property. Neither assertion is true.

*First*, "the gist of trespass is injury to possession." *Belcher v. Greer*, 181 W. Va. 196, 198 n.1 (1989) (citing 87 *C.J.S.* at 972). "To sustain an action for trespass, the plaintiff must have either

6

actual physical possession or constructive possession" of the property trespassed upon." *Id.* Indeed, "[a]ctual possession is *prima facie* evidence sufficient to maintain an action of trespass on the case for damages to real estate without further proof of title." Syl. Pt. 6, *Brown v. Crozer Coal & Land Co.*, 144 W. Va. 296 (1959). "Actual possession" means "[p]hysical occupancy or control over property." *Actual Possession*, *Black's Law Dictionary* (10th ed. 2014).

Here, MVP has pleaded facts sufficient to establish that it had actual possession of the subject property by means of both physical occupancy and control over the property.[2] *See* Compl. ¶¶ 3–8 (describing MVP's right to occupy the subject property in order to construct a pipeline); ¶ 10 (describing Defendant's conduct in entering the subject property and attaching himself by a mechanical device to a piece of equipment MVP was using on the property). Defendant trespassed on property in possession of MVP in two manners. First, he entered on property controlled by MVP pursuant to a valid rights-of-way agreement, and second, by attaching himself to a piece of equipment possessed and controlled by MVP or its contractor.

***Second***, "a plaintiff's recovery in a West Virginia trespass action [includes] . . . damages for loss of use." *Moore v. Equitrans, L.P.*, 27 F.4th 211, 220–21 (4th Cir. 2022) ("In both residential and nonresidential cases, a plaintiff may seek damages for loss of use, which in the case of nonresidential property may include lost profits . . . .").

Here, MVP has pleaded facts sufficient to establish that it sustained damages as a result of Defendant's actions. *See* Compl. ¶ 11 (Defendant's conduct "caused the shutdown of the Project, including the idling of equipment, personnel and otherwise preventing construction to proceed on the Project"); ¶ 15 ("The illegal actions of the Defendant proximately caused the shutdown of the

---

[2]   "When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint must be construed in the light most favorable to the Plaintiff and its allegations taken as true." *Dosert v. Washington Post Co.*, 531 F. Supp. 165, 167 (N.D. W. Va. 1982).

7

Project . . . thereby preventing MVP from conducting work on the Project and causing MVP to incur costs for the delay, idling of equipment and personnel and otherwise causing damage to MVP.").

Because MVP has pleaded facts sufficient to state a claim for trespass, Defendant's motion should be denied.

### b. *MVP is entitled to an injunction.*

Defendant argues that MVP's claim for an injunction should be dismissed because "[i]njunctive relief is a remedy; it is not an independent cause of action." Def's Mot. Dismiss 11. Notably, Defendant does not dispute MVP's *entitlement* to an injunction, just that MVP should not have listed it as a *claim*.

Under West Virginia law, a plaintiff must prove four elements to obtain an injunction:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and a defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*CSX Transportation, Inc. v. Caloccia*, No. 1:20-cv-224, 2021 WL 3612275 at *4 (N.D. W. Va. Aug. 13, 2021) (Judge Kleeh) (denying motion to dismiss claim for injunction).

Here, MVP has pleaded facts sufficient to establish each of the counts for an injunction. *See* Compl. ¶¶ 22–28 (explaining that Defendant's prior acts of trespass and interference with oil and gas projects have caused irreparable injury, that such conduct will likely continue in the absence of an injunction, that Defendant will not be harmed by an injunction, and that both MVP and the public at large will be injured in the absence of an injunction). Accordingly, Defendant's motion should be denied.

### c. *MVP states a claim for tortious interference.*

Defendant argues that MVP's claim for tortious interference should be dismissed because "MVP does not allege breach or loss of, or material interference with, any contractual relationship or any relationship with any third party resulting from [Defendant's] alleged, approximately four-hour protest." Def's Mot. Dismiss 13.

> The elements to establish tortious interference with business relations are straightforward: 'a plaintiff must show: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages.

*Kelley v. Kelley*, No. 15-0188, 2015 WL 7628821, at *16 (W. Va. Nov. 23, 2015) (quoting *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 173 W. Va. 210, 211 (1983).

Here, MVP has pleaded facts sufficient to establish a claim for tortious interference. *See* Compl. ¶¶ 1, 4–10 (describing MVP's ongoing operations to construct a pipeline pursuant to federal authorization, administrative orders, permits, authorizations, voluntary agreements, and condemnation orders); ¶ 32 ("MVP has a contractual and business expectancy for the construction of the Project"); ¶¶ 9–11, 33–35 (MVP describing Defendant's interference with MVP's contractual and business expectancies and the damages caused thereby).

Because MVP has pleaded facts sufficient to state a claim for tortious interference, Defendant's motion should be denied.

### d. *MVP states a claim for damages pursuant to W. Va. Code § 61-10-34.*

Defendant argues that MVP's claim for damages pursuant to W. Va. Code § 61-10-34 should be dismissed because "MVP does not allege any 'damages to personal or real property." Def's Mot. Dismiss 13.

W. Va. Code § 61-10-34 is a criminal trespass statute that explicitly provides for a civil cause of action. *See* W. Va. Code 61-10-34 ("Any person who is arrested for or convicted of an

9

offense under this section may be held civilly liable for any damages to personal or real property while trespassing, in addition to the penalties imposed by this section.").

As more fully developed in Section IV(a), *supra*, trespass damages includes damages for loss of use. *See Moore*, 27 F.4th at 220 ("In both residential and nonresidential cases, a plaintiff may seek damages for loss of use, which in the case of nonresidential property may include lost profits . . . .").

Here, MVP has pleaded facts sufficient to establish that it sustained damages as a result of Defendant's actions. *See* Compl. ¶ 11 (Defendant's conduct "caused the shutdown of the Project, including the idling of equipment, personnel and otherwise preventing construction to proceed on the Project"); ¶ 15 ("The illegal actions of the Defendant proximately caused the shutdown of the Project . . . thereby preventing MVP from conducting work on the Project and causing MVP to incur costs for the delay, idling of equipment and personnel and otherwise causing damage to MVP.").

Because MVP has pleaded facts sufficient to state a claim for damages under W. Va. Code § 61-10-34, Defendant's motion should be denied.

  e.  ***MVP's tort claims are sufficiently pleaded to permit a claim for civil conspiracy.***

Defendant argues that MVP's civil conspiracy claim should be dismissed because MVP's tort claims should be dismissed. But as developed above, this Court should not dismiss any of MVP's tort claims. Accordingly, this Court should not dismiss MVP's civil conspiracy claim.

  f.  ***MVP is entitled to punitive damages.***

Defendant argues that MVP's claim for punitive damages should be dismissed because "[u]nder West Virginia law, a separate cause of action for punitive damages does not exist." Def's Mot. Dismiss 14. Notably, Defendant does not dispute MVP's *entitlement* to an injunction, just that MVP should not have listed it as a *claim*.

MVP specifically pled the punitive damage claim and demand for relief as a Count in order to place defendant on notice of the relief requested and that the provisions of West Virginia law specifically detail the statutory requirements and constitutional limits on the amount of punitive damages allowed. One would think the defendant would want to know the basis for each claim in order to properly defend, but in any event there is no prejudice alleged by the inclusion of the claim.

Under West Virginia law, punitive damages are available when "a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety, and welfare of others." W. Va. Code § 55-7-29.

Here, MVP has pleaded facts sufficient to establish that Defendant acted intentionally, knowingly, and unlawfully with the intent to cause harm to MVP and to delay its work, which is in the public interest. *See* Compl. ¶¶ 48–49. Accordingly, Defendant's motion should be denied.

## Conclusion

Defendant's claim that this Court does not have personal jurisdiction was unsupported in the first instance, has been rendered moot, and, in any case, could only have resulted in dismissal *without* prejudice. Furthermore, Defendant has not established any basis by which this Court should dismiss MVP's claims on substantive grounds. Accordingly, this Court should deny Defendant' motion.

**MOUNTAIN VALLEY PIPELINE, LLC,**
**By counsel,**

 */s/ Timothy M. Miller*
Timothy M. Miller (WVSB No. 2564)
Matthew S. Casto (WVSB No. 8174)
Robert M. Stonestreet (WVSB No. 9370)
Jennifer J. Hicks (WVSB No. 11423)

11

Austin D. Rogers (WVSB No. 13919)  
Christopher S. Etheredge (WVSB No. 13835)  
BABST CALLAND, P.C.  
300 Summers Street, Suite 1000  
Charleston, WV 25301  
Telephone: (681) 205-8888  
Facsimile: (681) 208-8814  
tmiller@babstcalland.com  
mcasto@babstcalland.com  
rstonestreet@babstcalland.com  
jhicks@babstcalland.com  
arogers@babstcalland.com  
cetheredge@babstcalland.com  

12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# AT ELKINS

**MOUNTAIN VALLEY PIPELINE, LLC,**

    Plaintiff,

v.                                                                           **Civil Action No. 2:24-cv-12**
                                                                              **Judge Kleeh**

**JEROME JAMES WAGNER,**

    Defendant.

## CERTIFICATE OF SERVICE

The undersigned, as counsel for Plaintiff Mountain Valley Pipeline, LLC hereby certifies that a true and correct copy of the foregoing **Plaintiff's Response in Opposition to Defendant's Motion to Dismiss** was filed this 15th day of July, 2024, through the Court's CM/ECF system which will send an electronic notification to counsel of record as follows:

William V. DePaulo, Esquire
PO Box 1711
Lewisburg, WV 25901
*Counsel for Defendant*


                                                */s/ Timothy M. Miller*
                                                Timothy M. Miller (WVSB No. 2564)