# Exhibit A



West Virginia E-Filing Notice

CC-51-2024-C-12

Judge: Jack Alsop

**To:** Timothy Miller
tmiller@babstcalland.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA
Mountain Valley Pipeline, LLC v. Jerome James Wagner
CC-51-2024-C-12

The following complaintwas FILED on 4/30/2024 4:04:00 PM

Notice Date:     4/30/2024 4:04:00 PM

Keith Stout
CLERK OF THE CIRCUIT COURT
Webster County
2 Court Sq RM G4
WEBSTER SPRINGS, WV 26288

(304) 847-2421
Keith.Stout@courtswv.gov

# COVER SHEET

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF WEBSTER COUNTY WEST VIRGINIA

**Mountain Valley Pipeline, LLC v. Jerome James Wagner**

**First Plaintiff:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**Judge:** Jack Alsop

## COMPLAINT INFORMATION

**Case Type:** Civil     **Complaint Type:** Other

**Origin:** ☑ Initial Filing  ☐ Appeal from Municipal Court  ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes  ☐ No     **Case will be ready for trial by:** _____

**Mediation Requested:** ☐ Yes  ☑ No

**Substantial Hardship Requested:** ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?
  ☐ Wheelchair accessible hearing room and other facilities
  ☐ Interpreter or other auxiliary aid for the hearing impaired
  ☐ Reader or other auxiliary aid for the visually impaired
  ☐ Spokesperson or other auxiliary aid for the speech impaired
  ☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney: Timothy Miller, 300 Summers St Ste 1000, Charleston, WV 25301

## SERVED PARTIES

**Name:** Jerome James Wagner

**Address:** 13509 Glencreek Lane, Huntersville NC 28074

**Days to Answer:** 30    **Type of Service:** Secretary of State - Certified - Including Copy Fee

E-FILED | 4/30/2024 4:04 PM
CC-51-2024-C-12
Webster County Circuit Clerk
Keith Stout

IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA

**MOUNTAIN VALLEY PIPELINE, LLC,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. _____

**JEROME JAMES WAGNER,**
a North Carolina resident.

    **Defendant.**

## COMPLAINT

Mountain Valley Pipeline, LLC ("MVP"), by counsel, hereby complains and petitions this Court for damages and, among other things, injunctive and other relief pursuant to W. Va. Code § 53-5-1, *et seq.*, and Rule 65 of the West Virginia Rules of Civil Procedure, against Defendant Jerome James Wagner ("Defendant"). In support thereof, MVP states as follows:

    1.    MVP is a natural gas company holding a certificate from the Federal Energy Regulatory Commission ("FERC") to construct and operate a new natural gas pipeline from Wetzel County, West Virginia to Pittsylvania County, Virginia. MVP is authorized to conduct business in the State of West Virginia.

    2.    Upon information and belief, Defendant Jerome James Wagner is a resident of North Carolina, residing at 13509 Glencreek Lane, Huntersville, NC 28074. The Defendant does not own or have any legal ownership interest in any real property located in Webster County, West Virginia.

    3.    The real property that is the subject of this action and where the events complained of occurred is situated in Webster County, West Virginia.

4. MVP is engaged in, among other things, the construction and operation of natural gas pipelines, including a natural gas pipeline to be used for interstate commerce (the "Project") being constructed through Webster County, West Virginia.

5. The construction and operation of interstate pipelines is subject to the jurisdiction and regulation of the Federal Energy Regulatory Commission ("FERC") pursuant to authority granted by the Natural Gas Act. 15 U.S.C. § 717o (2018).

6. MVP applied for and was granted authorization for the construction of the Project pursuant to the Certificate and/or Order. 161 FERC P 61043 (F.E.R.C.), 2017 WL 4925425.

7. Pursuant to the Fiscal Responsibility Act of 2023 and subsequent federal regulatory and administrative orders, MVP has obtained all necessary permits and authorizations to proceed with construction of the Project. Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, H.R. 3746, § 324(b) (2023).

8. Through voluntary agreements with property owners and/or condemnation proceedings, MVP has acquired temporary and permanent easements to construct and operate the pipeline on the land at issue ("Subject Property").

9. Defendant is opposed to the Project and working with others has declared his opposition to the Project and his intention, working individually and with others, to interfere with the Project by unlawful means.

10. On or about November 2, 2023, without the permission of MVP, Defendant entered upon the Subject Property and attached himself by a mechanical device to equipment being used on the Subject Project.

11. The actions of the Defendant caused the shutdown of the Project, including the idling of equipment, personnel and otherwise preventing construction to proceed on the Project.

## COUNT ONE: TRESPASS

12. MVP restates and incorporates the allegations above as if fully set forth herein.

13. The actions of the Defendant in entering upon the Project, attaching himself to equipment and otherwise interfering with and shutting down the Project constituted an illegal trespass and interference with the property and other rights of MVP.

14. Defendant was aided and abetted by approximately eight individuals, and possibly others, who illegally trespassed and tampered with equipment being used on the Subject Project and otherwise created a diversion to assist Defendant in illegally entering upon the property and attaching himself to the equipment.

15. The illegal actions of the Defendant proximately caused the shutdown of the Project for approximately four hours, thereby preventing MVP from conducting work on the Project and causing MVP to incur costs for the delay, idling of equipment and personnel and otherwise causing damage to MVP.

16. The Defendant refused requests to leave the Subject Property and was subsequently arrested for trespass, obstructing an officer, violation of the Critical Infrastructure Protection Act, and conspiracy against the state and removed from the Subject Property by members of the West Virginia State Police. The actions of the Defendant caused the expenditure of public funds for the West Virginia State Police to remove the Defendant and the mechanical device attached to the equipment and to arrest and transport the Defendant.

17. On February 7, 2024, in a plea agreement, Defendant pled guilty to obstructing an officer on November 2, 2023, on the Subject Property.

18. Defendant is liable to MVP for all costs and damages incurred by MVP during the illegal trespass and shutdown of the Project.

## COUNT TWO: INJUNCTION

19. MVP restates and incorporates the allegations above as if fully set forth herein.

20. The West Virginia Supreme Court has held that "[the] granting or refusal of an injunction, whether mandatory or preventative, calls for the exercise of sound judicial discretion in view of all the circumstances of the particular case; regard being had to the nature of the controversy, the object for which the injunction is being sought, and the comparative hardship or convenience to the respective parties involved in the award of denial of the writ." Syl. Pt. 2, *Hart v. Nat'l Collegiate Athletic Ass'n*, 209 W. Va. 543, 545, 550 S.E.2d 79, 81 (2001).

21. "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014).

22. Defendant has previously committed illegal acts of trespass and interference with other projects and, upon information and belief, intends to continue to do so.

23. Defendant interfered with, delayed, and otherwise prevented MVP from use of its legal right pursuant to the authorization of FERC. The obstruction of the Project harmed MVP's ability to construct the Project within the time allowed by FERC and otherwise provide natural gas service in interstate commerce.

24. Defendant, on the other hand, is a trespasser and has no legal right to be on the Subject Property or interfere with the Project. The Defendant's presence on the Subject Property also presented a safety risk to the Defendant and to the employees and contractors working on the Subject Property. The Defendant will not be harmed in any way by the grant of a preliminary and/or permanent injunction.

25. As outlined in the Fiscal Responsibility Act of 2023, not only is the Project generally in the public interest, but there is also a particular importance in its speedy completion. Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, H.R. 3746, § 324(b) (2023).

26. An injunction is in the public interest as declared by FERC, the Congress of the United States, and the State of West Virginia.

27. Without an injunction, there is a risk of repeated interference and trespass by the Defendant and/or those he has conspired with or may associate or conspire with. MVP will be irreparably harmed in a way that is not correctable solely with monetary damages and, pursuant to West Virginia law, an injunction is an appropriate remedy to protect a legal property right and preclude interference with valid property rights.

28. The balance of the equities is in MVP's favor. Defendant's actions has caused substantial damage to MVP.

29. The allegations set forth in the complaint establish the factors set forth in *eBay, Inc. v. MercExchange, L.L.C.* for permanent injunctive relief.

### COUNT THREE: TORTIOUS INTERFERENCE

30. MVP restates and incorporates the allegations above as if fully set forth herein.

31. To establish a claim for tortious interference, "a plaintiff must prove: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 173 W. Va. 210, 314 S.E.2d 166 (1983).

32. MVP has a contractual and business expectancy for the construction of the Project.

33. Despite knowledge of MVP's business expectancy, Defendant, by his own admission, intentionally and knowingly trespassed and interfered with MVP's ability to construct the Project.

34. Defendant refused to vacate the Subject Property voluntarily and had to be removed by the West Virginia State Police causing delays to the Project.

35. As such, Defendant has caused damage to MVP for costs and expenses incurred through delay of the project.

### COUNT FOUR: VIOLATION OF W. VA. CODE § 61-10-34

36. MVP restates and incorporates the allegations above as if fully set forth herein.

37. The Critical Infrastructure Protection Act (the "Act") provides that "[a]ny person who willfully and knowingly trespasses or enters property containing a critical infrastructure

6

facility without permission by the owner of the property or lawful occupant thereof is guilty of a misdemeanor" W. VA. CODE § 61-10-34(c)(1).

38. The Act further states that "[a]ny person who conspires with any person to commit the offense of trespass against a critical infrastructure facility . . . and the trespass actually occurs is guilty of a misdemeanor and, upon conviction thereof, shall be fined in an amount of not less than $2,500 not more than $10,000." W. Va. Code § 61-10-34(c)(3).

39. Further, "[a]ny person who is arrested for or convicted of an offense under this section may be held civilly liable for any damages to personal or real property while trespassing . . . ." W. VA. CODE § 61-10-34(d)(1).

40. Under the Act, critical infrastructure includes any "natural gas transmission facility[.]" W. VA. CODE § 61-10-34(b)(14).

41. Defendant has unlawfully entered and occupied the Subject Property and interfered with the Project without permission from MVP.

42. Defendant violated the Critical Infrastructure Protection Act and proximately caused damage to MVP.

### COUNT FIVE: CIVIL CONSPIRACY

43. MVP restates and incorporates the allegations above as if fully set forth herein.

44. "A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009).

45. Defendant conspired and acted in concert with other persons and/or organizations in an attempt to prevent MVP from lawful use of its property.

7

46. Defendant has, through unlawful acts, interfered with MVP's property rights and easements.

### COUNT SIX: PUNITIVE DAMAGES

47. MVP restates and incorporates the allegations above as if fully set forth herein.

48. Defendant intentionally and knowingly trespassed and unlawfully interfered with the Project with the intent to cause harm to MVP and to delay its construction of the Project.

49. The Defendant's willful, wanton, and intentional acts with the intent to harm MVP entitles MVP to an award of punitive and exemplary damages against Defendant.

50. MVP further seeks punitive damages in compliance W. VA. CODE § 55-7-29, in excess of the jurisdictional amount in controversy.

**WHEREFORE**, for the foregoing reasons, MVP hereby complains, petitions, and requests the entry of an immediate order 1) enjoining Defendant from entering upon the Subject Property or performing any activities that may interfere with or obstruct MVP's use and construction on or through the Subject Property; (2) from engaging in any act that would interfere with MVP's construction, operation, and/or maintenance of the Project including, but not limited to, attempting to block access to any of MVP's equipment or facilities; (3) from obstructing in any way MVP's ability to conduct its business; (4) from conspiring with others, inciting, encouraging and/or assisting others from engaging in any act or activity from which they are prohibited; (5) imposing judgment against the Defendant in an amount that will compensate MVP for damages incurred by Defendant's conduct, including pre- and post-judgment interest, and an award of punitive damages; and (6) such other and further relief as the Court may deem appropriate.

**MVP DEMANDS A JURY TRIAL**

**MOUNTAIN VALLEY PIPELINE, LLC**

**By Counsel**

*/s/ Timothy M. Miller*
Timothy M. Miller (WVSB #2564)
Robert M. Stonestreet (WVSB # 9370)
Jennifer J. Hicks (WVSB # 11423)
Christopher S. Etheredge (WVSB #13835)
Austin D. Rogers (WVSB #13919)
**BABST CALLAND, P.C.**
300 Summers Street, Suite 1000
Charleston, WV  25301
Telephone:  681.205.8888
Facsimile:  681.205.8814
tmiller@babstcalland.com
rstonestreet@babstcalland.com
jhicks@babstcalland.com
cetheredge@babstcalland.com
arogers@babstcalland.com