# Exhibit B

*Original for Return*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of West Virginia

MOUNTAIN VALLEY PIPELINE, LLC )
)
)
)
*Plaintiff(s)* )
v. )    Civil Action No.  2:24-cv-12
JEROME JAMES WAGNER )
)
)
)
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Jerome James Wagner
110 Summerlake Drive SW
Concord, NC 28025

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Timothy M. Miller, Esq./Christopher S. Etheredge, Esq./Austin D. Rogers, Esq.
Babst, Calland, Clements & Zomnir, P.C.
300 Summers Street, Suite 1000
Charleston, WV 25301
(681) 205-8888
(681) 205-8814 fax

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**Cheryl Dean Riley**

*CLERK OF COURT*

Date:      July 8, 2024

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*

☐ I personally served the summons on the individual at *(place)*

on *(date)*                              ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                              , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                              ; or

☐ I returned the summons unexecuted because                              ; or

☐ Other *(specify):*

My fees are $                    for travel and $                    for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Print          Save As...                              Reset



West Virginia E-Filing Notice

CC-51-2024-C-12

Judge: Jack Alsop

**To:** Timothy Miller
tmiller@babstcalland.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA
Mountain Valley Pipeline, LLC v. Jerome James Wagner
CC-51-2024-C-12

The following complaintwas FILED on 4/30/2024 4:04:00 PM

Notice Date:      4/30/2024 4:04:00 PM

Keith Stout
CLERK OF THE CIRCUIT COURT
Webster County
2 Court Sq RM G4
WEBSTER SPRINGS, WV 26288

(304) 847-2421
Keith.Stout@courtswv.gov

## COVER SHEET

E-FILED | 4/30/2024 4:04 PM
CC-51-2024-C-12
Webster County Circuit Clerk
Keith Stout

# GENERAL INFORMATION

### IN THE CIRCUIT COURT OF WEBSTER COUNTY WEST VIRGINIA
**Mountain Valley Pipeline, LLC v. Jerome James Wagner**

**First Plaintiff:**
☑ Business   ☐ Individual
☐ Government   ☐ Other

**First Defendant:**
☐ Business   ☑ Individual
☐ Government   ☐ Other

**Judge:**   Jack Alsop

# COMPLAINT INFORMATION

**Case Type:**  Civil

**Complaint Type:**  Other

**Origin:**   ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:**   ☑ Yes   ☐ No         **Case will be ready for trial by:** _____

**Mediation Requested:**   ☐ Yes   ☑ No

**Substantial Hardship Requested:**   ☐ Yes   ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

    ☐ Wheelchair accessible hearing room and other facilities

    ☐ Interpreter or other auxiliary aid for the hearing impaired

    ☐ Reader or other auxiliary aid for the visually impaired

    ☐ Spokesperson or other auxiliary aid for the speech impaired

    ☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:   Timothy Miller, 300 Summers St Ste 1000, Charleston, WV 25301

## SERVED PARTIES

**Name:**      Jerome James Wagner

**Address:**      13509 Glencreek Lane, Huntersville NC 28074

**Days to Answer:** 30          **Type of Service:**   Secretary of State - Certified - Including Copy Fee

E-FILED | 4/30/2024 4:04 PM
CC-51-2024-C-12
Webster County Circuit Clerk
Keith Stout

## IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA

**MOUNTAIN VALLEY PIPELINE, LLC,**

      **Plaintiff,**

**v.**                              **CIVIL ACTION NO. _____**

**JEROME JAMES WAGNER,**
**a North Carolina resident.**

      **Defendant.**

### COMPLAINT

Mountain Valley Pipeline, LLC ("MVP"), by counsel, hereby complains and petitions this Court for damages and, among other things, injunctive and other relief pursuant to W. Va. Code § 53-5-1, *et seq.,* and Rule 65 of the West Virginia Rules of Civil Procedure, against Defendant Jerome James Wagner ("Defendant"). In support thereof, MVP states as follows:

1.      MVP is a natural gas company holding a certificate from the Federal Energy Regulatory Commission ("FERC") to construct and operate a new natural gas pipeline from Wetzel County, West Virginia to Pittsylvania County, Virginia. MVP is authorized to conduct business in the State of West Virginia.

2.      Upon information and belief, Defendant Jerome James Wagner is a resident of North Carolina, residing at 13509 Glencreek Lane, Huntersville, NC 28074. The Defendant does not own or have any legal ownership interest in any real property located in Webster County, West Virginia.

3.      The real property that is the subject of this action and where the events complained of occurred is situated in Webster County, West Virginia.

4.     MVP is engaged in, among other things, the construction and operation of natural gas pipelines, including a natural gas pipeline to be used for interstate commerce (the "Project") being constructed through Webster County, West Virginia.

5.     The construction and operation of interstate pipelines is subject to the jurisdiction and regulation of the Federal Energy Regulatory Commission ("FERC") pursuant to authority granted by the Natural Gas Act. 15 U.S.C. § 717o (2018).

6.     MVP applied for and was granted authorization for the construction of the Project pursuant to the Certificate and/or Order. 161 FERC P 61043 (F.E.R.C.), 2017 WL 4925425.

7.     Pursuant to the Fiscal Responsibility Act of 2023 and subsequent federal regulatory and administrative orders, MVP has obtained all necessary permits and authorizations to proceed with construction of the Project. Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, H.R. 3746, § 324(b) (2023).

8.     Through voluntary agreements with property owners and/or condemnation proceedings, MVP has acquired temporary and permanent easements to construct and operate the pipeline on the land at issue ("Subject Property").

9.     Defendant is opposed to the Project and working with others has declared his opposition to the Project and his intention, working individually and with others, to interfere with the Project by unlawful means.

10.    On or about November 2, 2023, without the permission of MVP, Defendant entered upon the Subject Property and attached himself by a mechanical device to equipment being used on the Subject Project.

11.     The actions of the Defendant caused the shutdown of the Project, including the idling of equipment, personnel and otherwise preventing construction to proceed on the Project.

## COUNT ONE: TRESPASS

12.     MVP restates and incorporates the allegations above as if fully set forth herein.

13.     The actions of the Defendant in entering upon the Project, attaching himself to equipment and otherwise interfering with and shutting down the Project constituted an illegal trespass and interference with the property and other rights of MVP.

14.     Defendant was aided and abetted by approximately eight individuals, and possibly others, who illegally trespassed and tampered with equipment being used on the Subject Project and otherwise created a diversion to assist Defendant in illegally entering upon the property and attaching himself to the equipment.

15.     The illegal actions of the Defendant proximately caused the shutdown of the Project for approximately four hours, thereby preventing MVP from conducting work on the Project and causing MVP to incur costs for the delay, idling of equipment and personnel and otherwise causing damage to MVP.

16.     The Defendant refused requests to leave the Subject Property and was subsequently arrested for trespass, obstructing an officer, violation of the Critical Infrastructure Protection Act, and conspiracy against the state and removed from the Subject Property by members of the West Virginia State Police.  The actions of the Defendant caused the expenditure of public funds for the West Virginia State Police to remove the Defendant and the mechanical device attached to the equipment and to arrest and transport the Defendant.

3

17.     On February 7, 2024, in a plea agreement, Defendant pled guilty to obstructing an officer on November 2, 2023, on the Subject Property.

18.     Defendant is liable to MVP for all costs and damages incurred by MVP during the illegal trespass and shutdown of the Project.

## COUNT TWO:  INJUNCTION

19.     MVP restates and incorporates the allegations above as if fully set forth herein.

20.     The West Virginia Supreme Court has held that "[the] granting or refusal of an injunction, whether mandatory or preventative, calls for the exercise of sound judicial discretion in view of all the circumstances of the particular case; regard being had to the nature of the controversy, the object for which the injunction is being sought, and the comparative hardship or convenience to the respective parties involved in the award of denial of the writ." Syl. Pt. 2, *Hart v. Nat'l Collegiate Athletic Ass'n*, 209 W. Va. 543, 545, 550 S.E.2d 79, 81 (2001).

21.     "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014).

22.     Defendant has previously committed illegal acts of trespass and interference with other projects and, upon information and belief, intends to continue to do so.

4

23.     Defendant interfered with, delayed, and otherwise prevented MVP from use of its legal right pursuant to the authorization of FERC. The obstruction of the Project harmed MVP's ability to construct the Project within the time allowed by FERC and otherwise provide natural gas service in interstate commerce.

24.     Defendant, on the other hand, is a trespasser and has no legal right to be on the Subject Property or interfere with the Project. The Defendant's presence on the Subject Property also presented a safety risk to the Defendant and to the employees and contractors working on the Subject Property. The Defendant will not be harmed in any way by the grant of a preliminary and/or permanent injunction.

25.     As outlined in the Fiscal Responsibility Act of 2023, not only is the Project generally in the public interest, but there is also a particular importance in its speedy completion. Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, H.R. 3746, § 324(b) (2023).

26.     An injunction is in the public interest as declared by FERC, the Congress of the United States, and the State of West Virginia.

27.     Without an injunction, there is a risk of repeated interference and trespass by the Defendant and/or those he has conspired with or may associate or conspire with.  MVP will be irreparably harmed in a way that is not correctable solely with monetary damages and, pursuant to West Virginia law, an injunction is an appropriate remedy to protect a legal property right and preclude interference with valid property rights.

28.     The balance of the equities is in MVP's favor. Defendant's actions has caused substantial damage to MVP.

29.     The allegations set forth in the complaint establish the factors set forth in *eBay, Inc. v. MercExchange, L.L.C.* for permanent injunctive relief.

## COUNT THREE: TORTIOUS INTERFERENCE

30.     MVP restates and incorporates the allegations above as if fully set forth herein.

31.     To establish a claim for tortious interference, "a plaintiff must prove: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 173 W. Va. 210, 314 S.E.2d 166 (1983).

32.     MVP has a contractual and business expectancy for the construction of the Project.

33.     Despite knowledge of MVP's business expectancy, Defendant, by his own admission, intentionally and knowingly trespassed and interfered with MVP's ability to construct the Project.

34.     Defendant refused to vacate the Subject Property voluntarily and had to be removed by the West Virginia State Police causing delays to the Project.

35.     As such, Defendant has caused damage to MVP for costs and expenses incurred through delay of the project.

## COUNT FOUR: VIOLATION OF W. VA. CODE § 61-10-34

36.     MVP restates and incorporates the allegations above as if fully set forth herein.

37.     The Critical Infrastructure Protection Act (the "Act") provides that "[a]ny person who willfully and knowingly trespasses or enters property containing a critical infrastructure

facility without permission by the owner of the property or lawful occupant thereof is guilty of a misdemeanor" W. VA. CODE § 61-10-34(c)(1).

38.     The Act further states that "[a]ny person who conspires with any person to commit the offense of trespass against a critical infrastructure facility . . . and the trespass actually occurs is guilty of a misdemeanor and, upon conviction thereof, shall be fined in an amount of not less than $2,500 not more than $10,000." W. Va. Code § 61-10-34(c)(3).

39.     Further, "[a]ny person who is arrested for or convicted of an offense under this section may be held civilly liable for any damages to personal or real property while trespassing . . . ." W. VA. CODE § 61-10-34(d)(1).

40.     Under the Act, critical infrastructure includes any "natural gas transmission facility[.]" W. VA. CODE § 61-10-34(b)(14).

41.     Defendant has unlawfully entered and occupied the Subject Property and interfered with the Project without permission from MVP.

42.     Defendant violated the Critical Infrastructure Protection Act and proximately caused damage to MVP.

## COUNT FIVE: CIVIL CONSPIRACY

43.     MVP restates and incorporates the allegations above as if fully set forth herein.

44.     "A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009).

45.     Defendant conspired and acted in concert with other persons and/or organizations in an attempt to prevent MVP from lawful use of its property.

46.     Defendant has, through unlawful acts, interfered with MVP's property rights and easements.

### COUNT SIX: PUNITIVE DAMAGES

47.     MVP restates and incorporates the allegations above as if fully set forth herein.

48.     Defendant intentionally and knowingly trespassed and unlawfully interfered with the Project with the intent to cause harm to MVP and to delay its construction of the Project.

49.     The Defendant's willful, wanton, and intentional acts with the intent to harm MVP entitles MVP to an award of punitive and exemplary damages against Defendant.

50.     MVP further seeks punitive damages in compliance W. VA. CODE § 55-7-29, in excess of the jurisdictional amount in controversy.

**WHEREFORE**, for the foregoing reasons, MVP hereby complains, petitions, and requests the entry of an immediate order 1) enjoining Defendant from entering upon the Subject Property or performing any activities that may interfere with or obstruct MVP's use and construction on or through the Subject Property; (2) from engaging in any act that would interfere with MVP's construction, operation, and/or maintenance of the Project including, but not limited to, attempting to block access to any of MVP's equipment or facilities; (3) from obstructing in any way MVP's ability to conduct its business; (4) from conspiring with others, inciting, encouraging and/or assisting others from engaging in any act or activity from which they are prohibited; (5) imposing judgment against the Defendant in an amount that will compensate MVP for damages incurred by Defendant's conduct, including pre- and post-judgment interest, and an award of punitive damages; and (6) such other and further relief as the Court may deem appropriate.

**MVP DEMANDS A JURY TRIAL**

8

**MOUNTAIN VALLEY PIPELINE, LLC**

**By Counsel**

*/s/ Timothy M. Miller*
Timothy M. Miller (WVSB #2564)
Robert M. Stonestreet (WVSB # 9370)
Jennifer J. Hicks (WVSB # 11423)
Christopher S. Etheredge (WVSB #13835)
Austin D. Rogers (WVSB #13919)
BABST CALLAND, P.C.
300 Summers Street, Suite 1000
Charleston, WV  25301
Telephone:  681.205.8888
Facsimile:  681.205.8814
tmiller@babstcalland.com
rstonestreet@babstcalland.com
jhicks@babstcalland.com
cetheredge@babstcalland.com
arogers@babstcalland.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS DIVISION**

> ELECTRONICALLY
> FILED
> 6/17/2024
> U.S. DISTRICT COURT
> Northern District of WV

MOUNTAIN VALLEY PIPELINE, LLC,

        Plaintiff,

v.

JEROME JAMES WAGNER,

        Defendant.

CIVIL ACTION NO. 2:24-cv-12 Kleeh

[Removal from the Circuit Court of the State of West Virginia, Webster County, Case No. CC-51-2024-C-12]

Action Filed:  April 30, 2024

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF MOUNTAIN VALLEY PIPELINE, LLC, AND ITS COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE THAT,** reserving all rights, claims and defenses, Defendant Jerome James Wagner removes this action from the Circuit Court of the State of West Virginia, Webster County, Case No. CC-51-2024-C-12, to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1367.

**I.    Jurisdiction**

    This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and because the action seeks damages in excess of $75,000.

    a.  *Diversity* – Mr. Wagner is a citizen of North Carolina. For purposes of diversity jurisdiction, Mountain Valley Pipeline, LLC ("MVP"), as a limited liability company, is a citizen of all states in which its members are citizens, i.e., Pennsylvania, Florida, New York, Delaware, Virginia, Texas, and Ohio.

    b.  *Amount in controversy* – Pursuant to 28 U.S.C. §1446(c)(2)(A)(i) and (ii), Mr. Wagner asserts that the amount in controversy, exceeds $75,000, exclusive of interest and costs. This does not appear to be in dispute.

    In its Complaint (the only document in this matter thus far served upon Mr. Wagner, attached as **EXHIBIT A** to this Notice of Removal), MVP states that it "seeks punitive damages in compliance with W. Va. Code § 55-7-29, in excess of the jurisdictional amount in controversy." Exhibit A, ¶ 50.

    While the Complaint was filed in State court (where the jurisdictional amount for

Circuit Courts jurisdiction is $7,500 (W. Va. Code §51-2-2(b)), it appears that MVP's reference to "the jurisdictional amount in controversy" refers to the "$75,000 exclusive of interest and costs" amount set forth 28 U.S.C. § 1332(a).

In *Mountain Valley Pipeline, LLC, v. Tuhus*, Case 5:23-cv-00625, Southern District of West Virginia, Dkt. 1, ¶ 47, MVP used nearly identical language (but not the "exclusive of interest and costs" language in that federal diversity lawsuit), while noting that W. Va. Code § 55-7-29(c) provides that "[t]he amount of punitive damages that may be awarded in a civil action may not exceed the greater of four times the amount of compensatory damages or $500,000, whichever is greater."[1]

## II.   Timeliness

This Notice of Removal is timely filed within 30 days of purported service upon Mr. Wagner. *See* **EXHIBIT A**, p. 1 (indicating purported service upon the Secretary of State as Mr. Wagner's statutory attorney-in-fact on May 16, 2024).[2]

Respectfully submitted,

**JEROME JAMES WAGNER**

By Counsel

/s/William V. DePaulo
William V. DePaulo, Esq. #995
P. O. Box 1711
Lewisburg, WV 25901
Tel: 304-342-5588
Fax: 866-850-1501
william.depaulo@gmail.com

---

[1] Wagner does not concede that he is properly subject to damages at all.

[2] Mr. Wagner does not concede that he has been properly served at all, let alone on May 16, 2024. Mr. Wagner expressly maintains his objection to insufficient service of process and does not intend to waive his right to raise this objection in a motion pursuant to Fed. R. Civ. P. 12(b) by the mere filing of this Notice. *See Clark v. Wells*, 203 U.S. 64, 27 S. Ct. 43, 51 L.Ed. 138 (1906).

2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS DIVISION

MOUNTAIN VALLEY PIPELINE, LLC,

        Plaintiff,

v.

JEROME JAMES WAGNER,

        Defendant.

CIVIL ACTION NO. 2:24-cv-12 Kleeh

[Removal from the Circuit Court of the State
of West Virginia, Webster County, Case No.
CC-51-2024-C-12]

Action Filed:  April 30, 2024

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of the Court, this 17th day of June, 2024, and thereby served on Counsel for the Plaintiff as follows:

Timothy M. Miller (WVSB #2564)
Matthew S. Casto (WVSB #8174)
Robert M. Stonestreet (WVSB #9370)
Jennifer J. Hicks (WVSB # 11423)
Austin D. Rogers (WVSB #13919)
**BABST CALLAND, P.C.**
300 Summers Street, Suite 1000
Charleston, WV  25301
Telephone:  681.205.8888
Facsimile:  681.205.8814

/s/William V. DePaulo
William V. DePaulo

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 9526 82

JEROME JAMES WAGNER
13509 GLENCREEK LANE
HUNTERSVILLE, NC 28074



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

**Control Number:** 324157

**Defendant:** JEROME JAMES WAGNER
13509 GLENCREEK LANE
HUNTERSVILLE, NC 28074 US

**County:** Webster
**Civil Action:** 24-C-12
**Certified Number:** 92148901125134100003952682
**Service Date:** 5/16/2024

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 4/30/2024 4:04 PM
CC-51-2024-C-12
Webster County Circuit Clerk
Keith Stout

## IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA
### Mountain Valley Pipeline, LLC v. Jerome James Wagner

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Jerome James Wagner, 13509 Glencreek Lane, Huntersville, NC 28074

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Timothy Miller, 300 Summers St Ste 1000, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 4/30/2024 4:04:00 PM | /s/ Keith Stout |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

E-FILED | 4/30/2024 4:04 PM
CC-51-2024-C-12
Webster County Circuit Clerk
Keith Stout

## IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA

**MOUNTAIN VALLEY PIPELINE, LLC,**

      **Plaintiff,**

**v.**                               **CIVIL ACTION NO.** 24-C-12

**JEROME JAMES WAGNER,**
**a North Carolina resident.**

      **Defendant.**

### COMPLAINT

Mountain Valley Pipeline, LLC ("MVP"), by counsel, hereby complains and petitions this Court for damages and, among other things, injunctive and other relief pursuant to W. Va. Code § 53-5-1, *et seq.*, and Rule 65 of the West Virginia Rules of Civil Procedure, against Defendant Jerome James Wagner ("Defendant"). In support thereof, MVP states as follows:

1.      MVP is a natural gas company holding a certificate from the Federal Energy Regulatory Commission ("FERC") to construct and operate a new natural gas pipeline from Wetzel County, West Virginia to Pittsylvania County, Virginia. MVP is authorized to conduct business in the State of West Virginia.

2.      Upon information and belief, Defendant Jerome James Wagner is a resident of North Carolina, residing at 13509 Glencreek Lane, Huntersville, NC 28074. The Defendant does not own or have any legal ownership interest in any real property located in Webster County, West Virginia.

3.      The real property that is the subject of this action and where the events complained of occurred is situated in Webster County, West Virginia.

4.      MVP is engaged in, among other things, the construction and operation of natural gas pipelines, including a natural gas pipeline to be used for interstate commerce (the "Project") being constructed through Webster County, West Virginia.

5.      The construction and operation of interstate pipelines is subject to the jurisdiction and regulation of the Federal Energy Regulatory Commission ("FERC") pursuant to authority granted by the Natural Gas Act. 15 U.S.C. § 717o (2018).

6.      MVP applied for and was granted authorization for the construction of the Project pursuant to the Certificate and/or Order. 161 FERC P 61043 (F.E.R.C.), 2017 WL 4925425.

7.      Pursuant to the Fiscal Responsibility Act of 2023 and subsequent federal regulatory and administrative orders, MVP has obtained all necessary permits and authorizations to proceed with construction of the Project. Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, H.R. 3746, § 324(b) (2023).

8.      Through voluntary agreements with property owners and/or condemnation proceedings, MVP has acquired temporary and permanent easements to construct and operate the pipeline on the land at issue ("Subject Property").

9.      Defendant is opposed to the Project and working with others has declared his opposition to the Project and his intention, working individually and with others, to interfere with the Project by unlawful means.

10.     On or about November 2, 2023, without the permission of MVP, Defendant entered upon the Subject Property and attached himself by a mechanical device to equipment being used on the Subject Project.

2

11.    The actions of the Defendant caused the shutdown of the Project, including the idling of equipment, personnel and otherwise preventing construction to proceed on the Project.

## COUNT ONE: TRESPASS

12.    MVP restates and incorporates the allegations above as if fully set forth herein.

13.    The actions of the Defendant in entering upon the Project, attaching himself to equipment and otherwise interfering with and shutting down the Project constituted an illegal trespass and interference with the property and other rights of MVP.

14.    Defendant was aided and abetted by approximately eight individuals, and possibly others, who illegally trespassed and tampered with equipment being used on the Subject Project and otherwise created a diversion to assist Defendant in illegally entering upon the property and attaching himself to the equipment.

15.    The illegal actions of the Defendant proximately caused the shutdown of the Project for approximately four hours, thereby preventing MVP from conducting work on the Project and causing MVP to incur costs for the delay, idling of equipment and personnel and otherwise causing damage to MVP.

16.    The Defendant refused requests to leave the Subject Property and was subsequently arrested for trespass, obstructing an officer, violation of the Critical Infrastructure Protection Act, and conspiracy against the state and removed from the Subject Property by members of the West Virginia State Police.  The actions of the Defendant caused the expenditure of public funds for the West Virginia State Police to remove the Defendant and the mechanical device attached to the equipment and to arrest and transport the Defendant.

3

17.     On February 7, 2024, in a plea agreement, Defendant pled guilty to obstructing an officer on November 2, 2023, on the Subject Property.

18.     Defendant is liable to MVP for all costs and damages incurred by MVP during the illegal trespass and shutdown of the Project.

## COUNT TWO:  INJUNCTION

19.     MVP restates and incorporates the allegations above as if fully set forth herein.

20.     The West Virginia Supreme Court has held that "[the] granting or refusal of an injunction, whether mandatory or preventative, calls for the exercise of sound judicial discretion in view of all the circumstances of the particular case; regard being had to the nature of the controversy, the object for which the injunction is being sought, and the comparative hardship or convenience to the respective parties involved in the award of denial of the writ." Syl. Pt. 2, *Hart v. Nat'l Collegiate Athletic Ass'n*, 209 W. Va. 543, 545, 550 S.E.2d 79, 81 (2001).

21.     "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014).

22.     Defendant has previously committed illegal acts of trespass and interference with other projects and, upon information and belief, intends to continue to do so.

4

23.     Defendant interfered with, delayed, and otherwise prevented MVP from use of its legal right pursuant to the authorization of FERC. The obstruction of the Project harmed MVP's ability to construct the Project within the time allowed by FERC and otherwise provide natural gas service in interstate commerce.

24.     Defendant, on the other hand, is a trespasser and has no legal right to be on the Subject Property or interfere with the Project. The Defendant's presence on the Subject Property also presented a safety risk to the Defendant and to the employees and contractors working on the Subject Property. The Defendant will not be harmed in any way by the grant of a preliminary and/or permanent injunction.

25.     As outlined in the Fiscal Responsibility Act of 2023, not only is the Project generally in the public interest, but there is also a particular importance in its speedy completion. Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, H.R. 3746, § 324(b) (2023).

26.     An injunction is in the public interest as declared by FERC, the Congress of the United States, and the State of West Virginia.

27.     Without an injunction, there is a risk of repeated interference and trespass by the Defendant and/or those he has conspired with or may associate or conspire with.  MVP will be irreparably harmed in a way that is not correctable solely with monetary damages and, pursuant to West Virginia law, an injunction is an appropriate remedy to protect a legal property right and preclude interference with valid property rights.

28.     The balance of the equities is in MVP's favor. Defendant's actions has caused substantial damage to MVP.

29.     The allegations set forth in the complaint establish the factors set forth in *eBay, Inc.*
*v. MercExchange, L.L.C.* for permanent injunctive relief.

### COUNT THREE: TORTIOUS INTERFERENCE

30.     MVP restates and incorporates the allegations above as if fully set forth herein.

31.     To establish a claim for tortious interference, "a plaintiff must prove: (1) existence
of a contractual or business relationship or expectancy; (2) an intentional act of interference by a
party outside that relationship or expectancy; (3) proof that the interference caused the harm
sustained; and (4) damages." *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 173 W. Va. 210, 314
S.E.2d 166 (1983).

32.     MVP has a contractual and business expectancy for the construction of the Project.

33.     Despite knowledge of MVP's business expectancy, Defendant, by his own
admission, intentionally and knowingly trespassed and interfered with MVP's ability to construct
the Project.

34.     Defendant refused to vacate the Subject Property voluntarily and had to be removed
by the West Virginia State Police causing delays to the Project.

35.     As such, Defendant has caused damage to MVP for costs and expenses incurred
through delay of the project.

### COUNT FOUR: VIOLATION OF W. VA. CODE § 61-10-34

36.     MVP restates and incorporates the allegations above as if fully set forth herein.

37.     The Critical Infrastructure Protection Act (the "Act") provides that "[a]ny person
who willfully and knowingly trespasses or enters property containing a critical infrastructure

facility without permission by the owner of the property or lawful occupant thereof is guilty of a misdemeanor" W. VA. CODE § 61-10-34(c)(1).

38.     The Act further states that "[a]ny person who conspires with any person to commit the offense of trespass against a critical infrastructure facility . . . and the trespass actually occurs is guilty of a misdemeanor and, upon conviction thereof, shall be fined in an amount of not less than $2,500 not more than $10,000." W. Va. Code § 61-10-34(c)(3).

39.     Further, "[a]ny person who is arrested for or convicted of an offense under this section may be held civilly liable for any damages to personal or real property while trespassing . . . ." W. VA. CODE § 61-10-34(d)(1).

40.     Under the Act, critical infrastructure includes any "natural gas transmission facility[.]" W. VA. CODE § 61-10-34(b)(14).

41.     Defendant has unlawfully entered and occupied the Subject Property and interfered with the Project without permission from MVP.

42.     Defendant violated the Critical Infrastructure Protection Act and proximately caused damage to MVP.

## COUNT FIVE: CIVIL CONSPIRACY

43.     MVP restates and incorporates the allegations above as if fully set forth herein.

44.     "A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009).

45.     Defendant conspired and acted in concert with other persons and/or organizations in an attempt to prevent MVP from lawful use of its property.

7

46.     Defendant has, through unlawful acts, interfered with MVP's property rights and easements.

### COUNT SIX: PUNITIVE DAMAGES

47.     MVP restates and incorporates the allegations above as if fully set forth herein.

48.     Defendant intentionally and knowingly trespassed and unlawfully interfered with the Project with the intent to cause harm to MVP and to delay its construction of the Project.

49.     The Defendant's willful, wanton, and intentional acts with the intent to harm MVP entitles MVP to an award of punitive and exemplary damages against Defendant.

50.     MVP further seeks punitive damages in compliance W. VA. CODE § 55-7-29, in excess of the jurisdictional amount in controversy.

**WHEREFORE,** for the foregoing reasons, MVP hereby complains, petitions, and requests the entry of an immediate order 1) enjoining Defendant from entering upon the Subject Property or performing any activities that may interfere with or obstruct MVP's use and construction on or through the Subject Property; (2) from engaging in any act that would interfere with MVP's construction, operation, and/or maintenance of the Project including, but not limited to, attempting to block access to any of MVP's equipment or facilities; (3) from obstructing in any way MVP's ability to conduct its business; (4) from conspiring with others, inciting, encouraging and/or assisting others from engaging in any act or activity from which they are prohibited; (5) imposing judgment against the Defendant in an amount that will compensate MVP for damages incurred by Defendant's conduct, including pre- and post-judgment interest, and an award of punitive damages; and (6) such other and further relief as the Court may deem appropriate.

**MVP DEMANDS A JURY TRIAL**

8

**MOUNTAIN VALLEY PIPELINE, LLC**

**By Counsel**

*/s/ Timothy M. Miller*
Timothy M. Miller (WVSB #2564)
Robert M. Stonestreet (WVSB # 9370)
Jennifer J. Hicks (WVSB # 11423)
Christopher S. Etheredge (WVSB #13835)
Austin D. Rogers (WVSB #13919)
**BABST CALLAND, P.C.**
300 Summers Street, Suite 1000
Charleston, WV  25301
Telephone:  681.205.8888
Facsimile:  681.205.8814
tmiller@babstcalland.com
rstonestreet@babstcalland.com
jhicks@babstcalland.com
cetheredge@babstcalland.com
arogers@babstcalland.com

9

JS 44 (Rev. 03/24)  Case 2:24-cv-00012-TSK   Document 1-2   Filed 01/12/24   Page 1 of 2 PageID #: 21  2:24-CV-12

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC | WAGNER, JEROME JAMES |

| (b) County of Residence of First Listed Plaintiff __ATTACHMENT__ | County of Residence of First Listed Defendant __ATTACHMENT__ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| BABST CALLAND, P.C., 300 Summers Street, Suite 1000, Charleston, WV 25301,  681-205-8888 ATTACHMENT | William V. DePaulo, Esq., P.O.  Box 1711, Lewisburg, WV 24901 TEL: 304-342-5588 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & / [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' / Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans | Liability / [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| (Excludes Veterans) | [ ] 340 Marine / Injury Product | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | [ ] 345 Marine Product / Liability | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit |
| of Veteran's Benefits | Liability / **PERSONAL PROPERTY** | | | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle / [ ] 371 Truth in Lending | Act | **LABOR** | Protection Act |
| [ ] 195 Contract Product Liability | Product Liability / [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 360 Other Personal / Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| | Injury / [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | Exchange |
| | [ ] 362 Personal Injury - / Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | Act |
| [x] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ / Sentence | | or Defendant) | [ ] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability | Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party | Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - / [ ] 535 Death Penalty | | 26 USC 7609 | Agency Decision |
| | Employment / **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities - / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | State Statutes |
| | Other / [ ] 550 Civil Rights | [ ] 465 Other Immigration | | |
| | [ ] 448 Education / [ ] 555 Prison Condition | Actions | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 28 USC §1332 |
|---|---|
| | Brief description of cause: TRESPASS, TORTIOUS INTERFERENCE, VIOLATION OF WV CODE 61-10-34, CONSPIRACY; RELIEF DAMAGES AND INJUNCTION |

| VII. REQUESTED IN COMPLAINT: | [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ $75,000 + INTEREST | CHECK YES only if demanded in complaint: JURY DEMAND: [x] Yes [ ] No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Jun 17, 2024 | /William V. DePaulo, Esq. #995 |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# ATTACHMENT

**PLAINTIFF'S ATTORNEYS**
Timothy M. Miller (WVSB #2564)
Matthew S. Casto (WVSB #8174)
Robert M. Stonestreet (WVSB # 9370)
Jennifer J. Hicks (WVSB # 11423)
Austin D. Rogers (WVSB #13919)
BABST CALLAND, P.C.
300 Summers Street, Suite 1000
Charleston, WV 25301
Telephone: 681.205.8888
Facsimile: 681.205.8814


**PLAINTIFF'S CITIZENSHIP**
MOUNTAIN VALLEY PIPELINE, LLC  is deemed a citizen of all its members states.
On information and belief those states include: Pennsylvania, Florida, New
York, Delaware, Virginia, Texas, and Ohio.

**DEFENDANT'S CITIZENSHIP**
North Carolina