## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA
## AT ELKINS

MOUNTAIN VALLEY PIPELINE, LLC
        Plaintiff,

v.                                 CIVIL ACTION NO 2:24-cv-12 Kleeh

JEROME JAMES WAGNER
        Defendant.

### REPLY IN SUPPORT OF DEFENDANT JEROME JAMES WAGNER'S MOTION TO DISMISS

In support of his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and in reply to the Response of Mountain Valley Pipeline, LLC ("MVP"),[1] Defendant Jerome James Wagner ("Wagner") respectfully directs this Court's attention to the following points and authorities.

**I.    MVP fails to state a claim for Trespass.**

    a.  *MVP has not alleged a possessory interest in the property upon which it alleges a trespass.*

MVP offers two theories it claims establish violation of its possessory interests sufficient to sustain a cause of action for trespass. Neither theory can survive careful scrutiny.

First, MVP argues that MVP has "actual possession" of the subject property and that Mr. Wagner trespassed by "enter[ing] on property controlled by MVP pursuant to a valid rights-of-way agreement[.]" Plaintiff's Response in Opposition to Defendant's Motion to Dismiss ("Response Brief") (ECF Doc. 8-2), p. 7. But MVP's Complaint makes clear that it has only a *nonpossessory* interest in the property at issue. *See* Complaint ("Compl.") (ECF Doc. 1-1), ¶ 8 ("MVP has acquired temporary and permanent *easements* to construct and operate the pipeline

---

[1] Wagner concedes that his objections to service and personal jurisdiction are moot, and focuses his reply on the three predicate causes of action that give rise to MVP's conspiracy cause of action and its requests for injunctive relief and punitive damages. Wagner stands by all grounds in support of his Fed. R. Civ. P. 12(b)(6) motion advanced in his previous Memorandum (ECF Doc. 6-1), and does not intend to waive any such grounds by not reiterating them herein.

on the land at issue[.]") (emphasis added); Memorandum of Law in Support of Defendant Jerome James Wagner's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6) ("Memo in Support of Motion to Dismiss") (ECF Doc. 6-1), p. 9 (collecting state and federal authorities holding that the rights created by easements are nonpossessory in nature). MVP cites no authority for the proposition that a party with an explicitly nonpossessory interest in real property can bring an action for trespass upon said property.

Second, in its Response, MVP alleges that Mr. Wagner "attach[ed] himself to a piece of equipment possessed and controlled by MVP or its contractor." See Response Brief, p. 7. As a threshold matter, the Complaint itself does not identify the owner or possessor of the equipment at issue. See Compl., ¶¶ 10, 13, 15; *Levy v. Am. Med. Collections Bureau, Inc.*, No. 1:16CV981 (JCC/JFA), 2016 WL 5462722, at *1 (E.D. Va. Sept. 29, 2016) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F. 3d 500, 508 (4th Cir. 2015)) ("In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court generally may not look beyond the four corners of the complaint.").

Outside the four corners of the Complaint, MVP alleges in its Response that the equipment at issue was "possessed and controlled by MVP *or its contractor*." Response Brief, p. 7 (emphasis added). Even if this allegation had been included in the Complaint, it is still insufficient as a matter of law to establish MVP's possessory interest in the equipment because the allegation does not specify whether MVP actually owned or possessed the property at issue. MVP has no standing to bring a trespass claim on behalf of a third party – especially in the absence of any argument that its unnamed contractor is somehow hindered in its ability to protect its own proprietary interests. See *Food & Drug Admin. v. All. For Hippocratic Med.*, 602 U.S. 367, 397-98 (2024) (Thomas, J., concurring); *Wikimedia Found. v. Nat'l Sec. Agency/Cent. Sec.*

*Serv.*, 14 F. 4th 276, 288 (4th Cir. 2021) (quoting *Freilich v. Upper Chesapeake Health Inc.*, 313 F. 3d 205, 215 (4th Cir. 2002)) ("For third party standing, a plaintiff must demonstrate . . . a hindrance to the third party's ability to protect his or her own interests.").

      b. *The recoverability of lost profits as a __remedy__ in trespass actions does not alter the __element__ of damage to property necessary to a trespass claim.*

Assuming *arguendo* that MVP's Complaint had properly alleged interference with a possessory interest, MVP's trespass claim would still fail because MVP does not allege the element of damage to property.

MVP cites *Moore v. Equitrans, L.P.*, 27 F. 4th 211, 220-21 (4th Cir. 2022) for the proposition that West Virginia law allows for the recovery for "damages for loss of use" – including lost profits – in a trespass action. *Moore* does not help MVP's trespass claim, because the availability of damages for lost profits in a proper trespass action does not alter the elements of trespass.

MVP does not directly dispute the well-established proposition that *damage to property* is required to sustain an action for trespass under West Virginia law. *See* Memo in Support of Motion to Dismiss, pp. 8, 10-11 (collecting state and federal authorities to this effect). And a careful reading of *Moore*, *supra*, shows there is nothing inconsistent about the propositions that 1) damage to property is a necessary element of a trespass claim and 2) lost profits are recoverable in a proper trespass action.

Tellingly, in the paragraph immediately preceding the portions of *Moore* cited by MVP, the Fourth Circuit noted that "*when residential property is damaged*, the owner may recover the reasonable cost of repairing it" as well as additional costs associated with the *damage*. *Moore*, 27 F. 4th at 220 (*quoting Brooks v. City of Huntington*, 234 W. Va. 607, 768 S.E.2d 97, 105-06 (2014)) (emphasis added). Neither *Moore*, nor any of the trespass cases cited in the Fourth

3

Circuit's discussion of this issue in *Moore*, suggest that a plaintiff states a cognizable claim for trespass by alleging economic loss associated with a temporary and isolated intrusion onto its property that results in no damage to the property itself. *See Moore*, 27 F. 4th at 216, 219-20 (holding plaintiffs were not entitled to recover the value of the trespass to defendant in case involving installation of pipeline onto plaintiff's property outside the bounds of right-of-way); *Brooks*, 234 W. Va. at 610, 768 S.E.2d at 100 (plaintiffs' property was damaged by flooding); *Kincaid v. Morgan*, 188 W. Va. 452, 458, 425 S.E.2d 128, 134 (1992) (considering appropriate measure of damages in permanent encroachment case); *Malamphy v. Potomac Edison Co.*, 140 W. Va. 269, 277-80, 83 S.E.2d 755, 760-62 (1954) (involving damage to property from fly ash and soot); *EQT Prod. Co. v. Crowder*, 241 W. Va. 738, 828 S.E.2d 800 (2019) (affirming jury award when EQT drilled wells on plaintiffs' property in excess of its implied surface rights).[2]

MVP cannot, as a matter of West Virginia state law, state a claim for trespass for Mr. Wagner's purported four-hour intrusion onto its property that resulted in no damage to the property itself. This Court should not expand West Virginia law to allow such a claim here. *See Fontenot v. Taser Intern. Inc.*, 736 F. 3d 318, 331 (2013) (citing *Time Warner Entm't-Advanced/Newhouse P'ship v. Carteret-Craven Elc. Membership Corp.* 506 F. 3d 304, 314-15 (4th Cir. 2007) and *Burris Chem., Inc. v. USX Corp.*, 10 F. 3d 243, 247 (4th Cir. 1993)) ("[W]e have declined to expand state common law principles to encompass novel circumstances when the courts of that state have not done so first."); *Moore*, 27 F. 4th at 222 ("It is not the role of this

---

[2] *Bethlehem Steel Corp. v. Shonk Land Co.*, 169 W. Va. 310, 288 S.E.2d 139 (1982), which addresses holdover damages that may accrue when a lessee remains on private property following termination of a tenancy, does not help MVP here. As this Court recently recognized, an action to recover damages in the case of a holdover tenancy properly sounds in a claim for breach of contract, not trespass. *See Big Brother & Holding Co., LLC v. Certified Pressure Testing, LLC*, No. 2:20-CV-41, 2022 WL 16857330, at *2-3 (N.D. W. Va. Nov. 10, 2022).

4

Court to dramatically expand West Virginia's public policy . . . without clear direction from its appellate courts[.]").

\* \* \*

MVP's claim for trespass is deficient in two independent respects: first, it fails to allege a possessory interest giving rise to a cause of action for trespass, and second, it fails to allege the necessary element of damage to property. Count One must be dismissed.

II. **MVP fails to state a claim for Tortious Interference.**

A single protest that delays a construction project for four hours, but does not precipitate a breach or non-performance of any contract, does not amount to tortious interference with a business relationship under West Virginia law. MVP pleads no facts to suggest that any contractual or other business relationship was breached, lost, or materially interfered with in any respect as a result of the brief protest at issue in this case.

Read generously to MVP, the Complaint alleges that MVP was hindered in its contractual obligations (with unspecified third parties) by Mr. Wagner, who is alleged to have obstructed construction of the pipeline for approximately four hours and thus made performance of its (unspecified) contractual obligations more burdensome or expensive due to that delay. MVP did not, and could not plausibly, allege that the four-hour delay at issue in this case adversely impacted the federal regulation or permitting of the pipeline project (which has now been completed), or placed MVP's easement grants in any jeopardy.

MVP cites no authority to support its expansive theory of liability, under which interfering with a construction project creates a cause of action for tortious interference for any damages incurred during a brief period of delay, even absent any allegation that any contract or relationship with any third party was actually affected by the delay. As a matter of West Virginia

5

state law, this theory of liability cannot sustain a cause of action for tortious interference. *See Webb v. Paine*, 515 F. Supp. 3d 466, 485 (S.D. W. Va. 2021).

In *Webb*, Judge Copenhaver carefully considered, and rejected, the plaintiff's argument that a claim for tortious interference in West Virginia can rest solely upon an action that makes "performance of the contract more burdensome or expensive." *Id.* Judge Copenhaver distinguished between liability based on a "theory of inducement" – i.e., where "the improper interference induce[s] or cause[s] the third party to not perform or to breach the contract with plaintiff" – from liability based on a "theory of hindrance" – i.e., where "the defendant hinders the plaintiff's performance of its obligations to the third party." *Id.* After noting that the hindrance theory was "predicated on a broad expansion of liability under West Virginia state law" and considering its obligation to narrowly and conservatively construe state tort law, Judge Copenhaver declined to recognize the hindrance theory and consequently granted summary judgment against plaintiff's tortious interference claim. *Id.* at 486-87; *see also* Section I(b), *supra* (collecting authorities regarding the obligation of federal courts sitting in diversity to narrowly construe state law theories of liability and decline to extend state tort law to novel circumstances).

Mr. Wagner respectfully requests that this Court follow Judge Copenhaver's lead, abide by its proper role in our federalist system, and decline MVP's invitation to dramatically expand the circumstances under which plaintiffs may pursue a cause of action for tortious interference in West Virginia. Count Three must be dismissed.

    **III.**    **MVP fails to state a claim for damages pursuant to W. Va. Code § 61-10-34.**

The plain text of § 61-10-34(D)(1) says what it says: "Any person who is arrested for or convicted of an offense under this section ***may be held civilly liable for any damages to personal***

*or real property while trespassing*, in addition to the penalties imposed by this section."[3] (Emphasis added).

      It is irrelevant that damages for loss of profits may, in limited circumstances, be recoverable in a properly stated common law trespass claim. Simply put, there is nothing in the text of § 61-10-34 that authorizes a cause of action based upon anything other than damages to personal or real property. The state legislature's decision to provide a cause of action to parties experiencing a specifically defined category of damages warrants respect and deference from this Court. MVP alleges no damages to personal or real property, and therefore has not stated a cause of action that is cognizable under § 61-10-34. Count Four must be dismissed.

## CONCLUSION

      For the foregoing reasons, Wagner respectfully requests that his motion to dismiss be granted.

Respectfully submitted,

**JEROME JAMES WAGNER**

/s/ Jonathan Sidney
Jonathan Sidney
*Pro Hac Vice*
Colorado Bar No. 52463
Ohio Bar No. 0100561
Climate Defense Project
P.O. Box 97
Forest Hill, WV
Email: jsidney@climatedefenseproject.org
Telephone: (510) 318-1549

/s/ William V. DePaulo
William V. DePaulo, Esq. #995
860 Court Street North, Suite 300
Lewisburg, WV 25901
Phone: (304) 342-5588
Fax: (866) 850-1501
William.depaulo@gmail.com

---

[3] While § 61-10-34 has recently been amended, subsection (D) is identical in both versions of the statute.

7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

MOUNTAIN VALLEY PIPELINE, LLC
        Plaintiff,

v.                                    CIVIL ACTION NO 2:24-cv-12 Kleeh

JEROME JAMES WAGNER
        Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically via the CM/ECF system with the Clerk of the Court, this 23rd day of July, 2024, and thereby served on Counsel for the Plaintiff as follows:

Timothy M. Miller, Esq.  #2564
Matthew S. Casto, Esq. #8174
Robert M. Stonestreet, Esq. #9370
Jennifer J. Hicks, Esq. #11423
Austin D. Rogers, Esq. #13919
BABST CALLAND, P.C.
300 Summers Street, Suite 1000
Charleston, WV 25301
Tel: 681-205-8888
Fax: 681-205-8814

/s/William V. DePaulo
William V. DePaulo

8