```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                       ELKINS
```

**MOUNTAIN VALLEY PIPELINE, LLC,**

      **Plaintiff,**

v.                                          CIVIL ACTION NO. 2:24-CV-12
                                                                (KLEEH)

**JEROME JAMES WAGNER,**

      **Defendant.**

## SCHEDULING ORDER

On August 1, 2024, the parties filed their meeting report and proposed discovery plan. Pursuant to Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f), and the Local Rules of Civil Procedure, as amended on March 13, 2018, the Court **ORDERS** that the following table of dates and deadlines shall govern the further preparation of this case.[1]  A scheduling conference can be requested by counsel if deemed necessary.

## TABLE OF DATES AND DEADLINES

| JOIN PARTIES OR AMEND PLEADINGS | November 1, 2024 |
|---|---|
| PLAINTIFF EXPERT DISCLOSURE | March 10, 2025 |
| DEFENDANT EXPERT DISCLOSURE | April 14, 2025 |
| COMPLETION OF DISCOVERY | May 26, 2025 |

---

[1] As noted in this Court's First Order and Notice Regarding Discovery and Scheduling, the report is considered advisory only. Accordingly, this Court adopts the proposed discovery plan of the parties only to the extent noted.

| | |
|---|---|
| NOTIFICATION OF MEDIATOR SELECTION | March 31, 2025 |
| MEDIATION | May 26, 2025 |
| MEDIATION REPORT | Within 10 days of the completion of mediation |
| DISPOSITIVE MOTIONS | September 22, 2025 |
| RESPONSE TO DISPOSITIVE MOTIONS | Within 21 days of the filing of the motion |
| REPLY TO DISPOSITIVE MOTIONS | Within 14 days of the filing of a Response |
| FINAL LIST OF WITNESSES AND EXHIBITS, INTERROGATORIES, AND DEPOSITIONS TO BE USED AT TRIAL | November 11, 2025 |
| OBJECTIONS TO FINAL LIST OF WITNESSES AND EXHIBITS, INTERROGATORIES, AND DEPOSITIONS TO BE USED AT TRIAL | November 18, 2025 |
| PROPOSED VOIR DIRE, JURY INSTRUCTIONS, VERDICT FORMS, & SPECIAL INTERROGATORIES | November 11, 2025 |
| OBJECTIONS TO VOIR DIRE, JURY INSTRUCTIONS, VERDICT FORMS, & SPECIAL INTERROGATORIES | November 18, 2025 |
| MOTIONS IN LIMINE | November 11, 2025 |
| OBJECTIONS TO MOTIONS IN LIMINE | November 18, 2025 |
| BIOGRAPHICAL SKETCHES | November 11, 2025 |
| JOINT PRE-TRIAL ORDER | November 21, 2025 |
| STIPULATION OF FACTS | November 18, 2025 |
| DESIGNATION OF JOINT EXHIBITS | November 21, 2025 |

| FINAL PRE-TRIAL/SETTLEMENT CONFERENCE | January 5, 2026, at 11:00 A.M. in Clarksburg, WV |
|---|---|
| TRIAL DATE | January 20, 2026, at 9:30 A.M., in Elkins, WV |

1.   **JOINDER AND AMENDMENTS**:  Motions to join additional parties, motions to amend pleadings, and any similar motions by the plaintiffs and defendants shall be filed by **November 1, 2024.**

2.   **EXPERT DISCLOSURE**:  The plaintiffs shall make the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **March 10, 2025.** The defendants shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **April 14, 2025.**

3.   **DISCOVERY**:  All discovery shall be completed by **May 26, 2025.** "Completed discovery" as used in Fed. R. Civ. P. 16(b) means that within the time limits set, all discovery, objections, motions to compel, and all other motions and replies relating to discovery in this civil action have been filed, and the party objecting or responding has had sufficient time under the Federal Rules of Civil Procedure to make responses. The term "all discovery" in the preceding definition of "completed discovery" includes the

disclosures required by Fed. R. Civ. P. 26(a)(1) and (2) but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3).

Parties have a continuing obligation to supplement their responses beyond the discovery cut-off date, as provided in Fed. R. Civ. P. 26(e). The parties should refer to L.R. Civ. P. 5.01, L.R. Civ. P. 26.01–.04, L.R. Civ. P. 33.01, L.R. Civ. P. 34.01, L.R. Civ. P. 36.01, and L.R. Civ. P. 37.01–.02 for further instructions on discovery practice. The conduct of any discovery which would require a later time limit shall be permitted only on the order of the Court or by filed stipulation of the parties, and only in cases that will not be delayed for trial thereby.[2]

4. **LIMITATIONS ON DISCOVERY**: The preemptive limitations on discovery (numbers of interrogatories, requests for admission, and depositions) set out in L.R. Civ. P. 26.01(c) apply to this case unless otherwise stipulated or ordered.

5. **MEDIATION**: The parties shall select a mediator on or before **March 31, 2025**. On or before that day, the parties shall file a notice with the Court that includes either (1) the name of the agreed-to mediator or (2) a notice that a mediator could not be agreed upon. If a notice is filed indicating that a mediator

---

[2] Extension of the discovery deadline does not change the other deadlines set forth herein or constitute a basis for seeking extension of those deadlines. In particular, the deadline for dispositive motions generally cannot be changed without affecting the trial date. In considering whether to extend discovery, the parties should give thought as to any possible impact on contemplated dispositive motions.

could not be agreed upon, mediation will be conducted by the United States Magistrate Judge. Regardless of who conducts the mediation, the parties shall mediate on or before **May 26, 2025.** Within ten (10) days of the conclusion of mediation, the mediator shall file with the Clerk's Office a *Report of Mediator* form. This form can be found on the Court's website at www.wvnd.uscourts.gov under the "Forms" link. This form shall be filed with the Clerk's Office where the presiding judge sits. Mediation is governed by L.R. Civ. P. 16.06 unless otherwise stipulated or ordered.

     6.  **DISPOSITIVE MOTIONS**: All dispositive motions, as well as deposition transcripts, admissions, documents, affidavits, and any other such matters in support thereof, shall be filed by **September 22, 2025.** Unless parties have obtained an early briefing schedule from the Court, all dispositive motions should be filed after the close of discovery.

     Any such motions must be supported by a memorandum at the time the motion is filed with the Clerk. Memoranda in opposition to such motions shall be delivered to the Clerk with copies served upon opposing counsel on or before **21 days** following the filing of the motion. Any reply memoranda shall be delivered to the Clerk with copies served upon opposing counsel on or before **14 days** following the filing of a Memoranda in opposition. All dispositive motions unsupported by memoranda will be denied without prejudice. *See* L.R. Civ. P. 7.02(a).

Factual assertions made in memoranda should be supported by specific references to affidavits, depositions, or other documents made a part of the record before the Court. Copies of the supporting documents, or relevant portions thereof, should be appended to the memoranda. The parties may refer to L.R. Civ. P. 7.02, L.R. Civ. P. 12.02, and L.R. Civ. P. 78.01 for details on motion practice before this Court.

7. **FINAL LIST OF WITNESSES AND EXHIBITS AND OBJECTIONS**: Pursuant to Fed. R. Civ. P. 26(a)(3), on or before **November 11, 2025,** the plaintiffs shall file with the Clerk a final list of those exhibits and witnesses that he/she actually intends to use or call at trial. Prior to that, he/she shall either forward copies of the proposed exhibits or make them available to all other counsel for examination. On or before **November 11, 2025,** the defendants shall file a list of proposed exhibits to be used and witnesses to be called at trial after having forwarded copies of them or having them available for examination to all other counsel. All exhibits shall be appropriately marked in numerical sequence (not lettered). Exhibit markers may be obtained from the Clerk.

By each of the dates set forth above, each counsel shall tender to the Clerk two sets (preferably in binders and on disk) of copies of the exhibits to be used at trial. These should be indexed for easy reference, and each paper exhibit should be individually tabbed. One of the binders will be for the Court's

use, and the other is for use by the witness. Counsel should have their own copy of each exhibit and should furnish opposing counsel with a copy of each exhibit. <u>Original</u> exhibits shall be submitted to the Clerk at trial and should not be tendered to the Clerk prior to trial.

Any objection to any proposed witnesses or exhibit must be filed in writing no later than **November 18, 2025,** shall include a copy of the exhibit where possible, and shall include authority supporting the ground for objection. Failure to comply with this paragraph may constitute a waiver of objection or may result in the Court's denying any objection to the admission of an affected exhibit or witness.

8. **<u>INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL AND OBJECTIONS</u>**:

Pursuant to Fed. R. Civ. P. 26(a)(3), on or before **November 11, 2025,** the plaintiffs shall file with the Clerk any interrogatories, answers thereto, depositions, etc., specifying the appropriate portions thereto that the plaintiffs intend to offer in this case. The defendants shall do the same on or before **November 11, 2025.** Before designating these discovery materials, the parties shall meet and agree as to the elimination of all irrelevant and repetitive matter, and all colloquy between counsel in the depositions. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony. Any objections to

the testimony that cannot be amicably resolved and the grounds for the objections shall be filed in writing by each of the parties no later than **November 18, 2025,** or such objection shall be deemed to have been waived. The objections shall include appropriate statement of authorities in support of the party's position. This paragraph does not apply to discovery materials that will be used at trial solely in cross-examination for impeachment.

9. **PROPOSED VOIR DIRE AND JURY CHARGE**: Proposed jury instructions on substantive theories of recovery or defense, damages, and evidentiary matters peculiar to the case; pertinent statutory and case authority, special interrogatories, and verdict forms, as appropriate to the case; and all proposed voir dire questions requested by counsel for submission to the jury shall be exchanged by counsel and filed with the Court no later than **November 11, 2025.** Objections to the same shall be filed no later than **November 18, 2025.**

**If the instructions, voir dire, verdict forms, and special interrogatories in this case are prepared on a computer in a software program compatible with Microsoft Word, counsel are requested to send files containing those instructions in such a compatible format to the Court by email, care of Shannon Gibson at Shannon_Gibson@wvnd.uscourts.gov, with the email subject line including the case name and party proposing the instructions. If**

**the request for an email with the noted information is not followed, sanctions may occur.**

    10. **MOTIONS IN LIMINE**: All motions in limine and other related pre-trial motions shall be filed with the Clerk no later than **November 11, 2025.** Responses to such motions shall be filed by counsel by **November 18, 2025.**

    11. **BIOGRAPHICAL SKETCHES**: Biographical sketches of any proposed expert witnesses shall be filed with the Court and with opposing counsel by **November 11, 2025.**

    12. **STIPULATION OF FACTS**: Counsel are encouraged to meet and enter into stipulations of facts in this case. Any such stipulation shall be reduced to writing, signed by counsel, and filed with the court and with opposing counsel by **November 18, 2025.**

    13. **DESIGNATION OF JOINT EXHIBITS**: The parties should consider designating a list of joint exhibits and should file any list of exhibits to be jointly designated by **November 21, 2025.**

    14. **JOINT PRE-TRIAL ORDER**: A joint pre-trial order shall be submitted to the Court no later than **November 21, 2025.** The proposed joint pre-trial order shall contain at least those matters provided for under L.R. Civ. P. 16.04(b).

    The joint pre-trial order shall contain for each party a list of all witnesses who will be called at the trial:

      A.    Each list of witnesses should include the witnesses' addresses and a statement of the general subject matter of their testimony. It is **NOT** sufficient to designate the witnesses simply as "fact," "medical," or "expert." The list must also include an indication in good faith of those witnesses who **WILL** be called in the absence of reasonable notice to opposing counsel to the contrary and of those witnesses who **MAY** be called.

      B.    This restriction does not apply to rebuttal witnesses or documents when necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports or have otherwise exchanged expert information. Expert witnesses whose reports have not been furnished to opposing counsel will not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished.

      C.    Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of this Order and prior court orders.

The witness lists submitted to this Court as part of the pre-trial order shall include all of a party's potential witnesses and exhibits, and no party shall be permitted to add to these lists after the pre-trial order is submitted to the Court. Following the pre-trial conference, this Court shall enter the final pre-trial order which shall be modified only to prevent manifest injustice.

15. **FINAL PRE-TRIAL CONFERENCE**: A pre-trial conference shall be held at **11:00 A.M. on January 5, 2026**, at the **Clarksburg**, West Virginia, point of holding court. The pretrial conference shall be attended in person by lead trial counsel for each

represented party, along with any unrepresented parties. Counsel and/or any unrepresented parties should be prepared to participate fully and discuss all aspects of the case, including the matters set forth in the pre-trial order.

16. **FINAL SETTLEMENT CONFERENCE**: A final settlement conference shall be held after the Final Pre-Trial Conference at the Clarksburg, West Virginia, point of holding court. The settlement conference shall be attended in person by lead trial counsel for each represented party, persons with full authority to settle the case, and any unrepresented parties.

17. **TRIAL**: Jury selection in this action shall be held at **9:30 A.M. on January 20, 2026,** at the **Elkins**, West Virginia, point of holding court. It is anticipated that the trial will take **3 days**. Trial will commence upon the completion of jury selection and trial in any prior case scheduled for this date.

18. **SETTLEMENT AUTHORITY AND SANCTIONS**: At least one of the attorneys for each party participating in any conference before trial shall have authority to make decisions as to settlement, stipulations, and admissions on all matters that participants may reasonably anticipate may be discussed. Counsel and parties are subject to sanctions for failures and lack of preparation specified in Fed. R. Civ. P. 16(f) and L.R. Civ. P. 37.01 respecting pre-trial conferences or orders.

19. **DEADLINES FINAL**: The time limitations set forth above shall not be altered except as set forth in L.R. Civ. P. 16.01(f). All dates for submissions, deliveries, and filings with the Clerk of the Court refer to the date the materials must actually be received.

**FAILURE ON THE PART OF COUNSEL TO APPEAR AT THE PRE-TRIAL CONFERENCE OR TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER WILL SUBJECT THE PARTY OR ATTORNEY TO APPROPRIATE SANCTIONS UNDER THE RULES AND MAY RESULT IN DISMISSAL OR STRIKING OF ALL PLEADINGS OF THE FAILING PARTY OR PERSON. COMPLIANCE WITH THIS ORDER INCLUDES *TIMELY* AND *GOOD FAITH EFFORT* BY *ALL* PARTIES TO MEET AND *JOINTLY* PREPARE THE ITEMS DESCRIBED ABOVE.**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Scheduling Order to counsel of record.

DATED: August 20, 2024

*[signature: Tom S Kleeh]*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA