```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MOUNTAIN VALLEY PIPELINE, LLC,**

    **Plaintiff,**

v.                                                  **CIVIL ACTION NO. 2:24-CV-12**
                                                                     **(KLEEH)**

**JEROME JAMES WAGNER,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [ECF NO. 6]**

Pending before the court is the Defendant's motion to dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) [ECF No. 6]. For the reasons that follow, Defendant's Motion to Dismiss [ECF No.6] is **DENIED IN PART** and **GRANTED IN PART**.

### I.   PROCEDURAL HISTORY

On April 30, 2024, Plaintiff Mountain Valley Pipeline, LLC ("Plaintiff" or "MVP") filed its Complaint against Defendant Jerome James Wagner ("Defendant" or "Wagner") in the Circuit Court of Monongalia County, West Virginia. Compl., ECF No. 1-1. Defendant removed this action to this Court on June 17, 2024. ECF No. 1. The Complaint alleges (1) Trespass; (2) Injunction; (3) Tortious Interference; (4) Violation of W.Va. Code § 61-10-34; (5) Civil Conspiracy; and (6) Punitive Damages. Compl., ECF No. 1-1.

On July 1, 2024, Defendant Wagner moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). ECF No. 6. Plaintiff responded in opposition on July 16, 2024 [ECF No. 8-2], and Defendant replied in support of his Motion on July 23, 2024 [ECF No. 14]. In his reply, Defendant conceded that his grounds pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) are moot. ECF No. 14. The Motion to Dismiss [ECF No. 6] is thus fully briefed and ripe for review.

## II.   FACTUAL ALLEGATIONS[1]

MVP is a natural gas company holding a certificate from the Federal Energy Regulatory Commission ("FERC") to construct and operate a new natural gas pipeline from Wetzel County, West Virginia to Pittsylvania County, Virginia (the "Project"). Compl. ECF No. 1-1, at ¶ 1. MVP acquired temporary and permanent easements to construct and operate the pipeline on the land at issue ("Subject Property"). Id. at ¶ 8.

On November 2, 2023, Wagner entered onto the Subject Property and "attached himself by a mechanical device to equipment being used on the Subject Project." Id. at ¶ 10. Wagner "was aided and abetted by approximately eight individuals, and possibly others, who illegally trespassed and tampered with equipment being used on

---

[1] For purposes of analyzing the motion to dismiss, the Court assumes that Plaintiff's asserted facts are true.

2

the Subject Project and otherwise created a diversion to assist Defendant in illegally entering upon the property and attaching himself to the equipment." Id. at ¶ 14. Wagner's actions caused the Project to shut down for approximately four hours, preventing MVP from conducting work on the Project. Id. at ¶ 15. The shutdown caused MVP to incur costs for the delay, the idling of equipment and personnel, and otherwise caused damage to MVP. Id.

### III. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the grounds that a complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(b)(6) tests the "legal sufficiency of a Complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

## IV. DISCUSSION

For the following reasons, Defendant's Motion to Dismiss [ECF No. 6] is **DENIED** as to Plaintiff's claims for trespass (Count 1) and tortious interference (Count 3). Defendant's Motion to Dismiss [ECF No. 6] is **GRANTED** as to Plaintiff's claims for injunctive relief (Count 2), violation of W.Va. Code § 61-10-34 (Count 4), civil conspiracy (Count 5), and punitive damages (Count 6).

### A. Count One – Trespass

Defendant's Motion to Dismiss as to Count One is **DENIED** because Plaintiff's Complaint sufficiently alleges damage in the form of interference with its possession to the Subject Property. West Virginia law controls the substantive law for trespass. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Traditionally, damages were presumed from an intentional trespass to land. See Alpine Forrest Partners v. Crown Cent. Petroleum Corp., 134 F.3d

4

362, 1998 WL 45449 (4th Cir. 1998). However, under West Virginia law, damages are not presumed; trespass is "an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property." Hark v. Mountain Fork Lumber Co., 34 S.E.2d 348, 352 (W. Va. 1945); see Rhodes v. E.I. du Pont de Nemours & Co., 636 F.3d 88, 96 (4th Cir. 2011) ("the defendant's conduct must result in an actual, nonconsensual invasion of the plaintiff's property, which interferes with the plaintiff's possession and use of that property."). The Fourth Circuit has cited Hark and held that trespass is an "unauthorized entry onto the land of another and doing damage to or interfering with his use of his real property." Rhodes, 636 F.3d at 94 (granting summary judgment in favor of the defendants because plaintiffs failed to produce evidence showing physical damage or interference with possession and use of the property). See Ghafourifar v. Cmty. Tr. Bank, Inc., No. 3:14-CV-01501, 2014 WL 4809794, at *8 (S.D.W. Va. Sept. 26, 2014) (dismissing a claim for trespass because Plaintiff did "not allege that the entry onto his land caused any harm to him, his land, or his use of his land"). "In both residential and nonresidential cases, a plaintiff may seek damages for loss of use, which in the case of nonresidential property may include lost profits or lost rental value." Moore v. Equitrans, L.P., 27 F.4th 211, 220 (4th Cir. 2022).

Here, Defendant first argues that Plaintiff's claim for trespass must be dismissed because MVP lacks a possessory interest in the Subject Property. Defendant argues that the nonpossessory interest created by easements does not permit Plaintiff to bring an action for trespass. Mem. of Law in Supp. of Def.'s Mot. to Dismiss, ECF No. 8-1, at 9-10. Secondly, Defendant argues that regardless of possession, Plaintiff has failed to allege any damage to real property. Defendant concedes that lost profits are recoverable as a remedy in a trespass action but argues that the element of damage required by a trespass claim is still not met in the Complaint.

In contrast, Plaintiff asserts that MVP has actual possession of the Subject property and control of the property pursuant to valid rights-of-way agreements and easements. Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 8-2, at 7. Plaintiff also argues that MVP has pleaded facts sufficient to establish that it sustained damages because of Defendant's actions.

"An easement may be defined as the right one person has to use the lands of another for a specific purpose and is a distinct estate from the ownership of the soil itself." Newman v. Michel, 688 S.E.2d 610, 615 (W. Va. 2009) (quoting Kelly v. Rainelle Coal Co., 64 S.E.2d 606, 613 (W. Va. 1951), overruled in part on other grounds by Kimball v. Walden, 301 S.E.2d 210 (W. Va. 1983)). Further, "[e]ither actual or constructive possession is sufficient

6

to maintain an action of trespass." Pan Coal Co. v. Garland Pocahontas Coal Co., 125 S.E. 226, 226 (W. Va. 1924).

Here, the Court finds that Plaintiff's claim for trespass is adequately pleaded. Assuming at this stage of the case that Plaintiff's rights-of-ways and easements are valid, Plaintiff's claim properly alleges that Defendant's actions constituted an interference with MVP's possession and use of the Subject Property for the purpose of the Project. As such, the Court **DENIES** the motion to dismiss with respect to Count One.

**B. Count Two – Injunction**

Defendant's Motion to Dismiss as to Count Two is **GRANTED**. "A request for injunctive relief does not constitute an independent cause of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in the ... substantive counts." Standiford v. Rodriguez-Hernandez, No. 5:10CV24, 2010 WL 3670721, at *3 (N.D.W. Va. Sept. 15, 2010) (quoting Pinnacle Min. Co., LLC v. Bluestone Coal Corp., 624 F.Supp.2d 530, 539–40 (S.D.W. Va. 2009)).

The Court finds that the claim for injunctive relief must be dismissed. Because Plaintiff is prohibited from asserting an independent claim for injunctive relief, the Court **GRANTS** the

motion with respect to Count Two and dismisses it as a matter of law.[2]

### C. Count Three – Tortious Interference

Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's claim for tortious interference because the Complaint adequately alleges an intentional interference with a contractual or business relationship or expectancy as a result of Defendant's actions. The Supreme Court of Appeals of West Virginia has held that "[t]o establish prima facie proof of tortious interference, a plaintiff must show: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Syl. Pt. 2, Torbett v. Wheeling Dollar Sav. & Trust Co., 314 S.E.2d 166 (W. Va. 1983).

Defendant argues Plaintiff fails to state a claim for relief because the claim relies upon unspecified contractual obligations with unspecified third parties. Reply in Supp. Of Def.'s Mot. To Dismiss, ECF No. 14, at 5. Defendant argues that Plaintiff did not plead sufficient supporting facts – namely regarding the

---

[2] The Court notes that Plaintiff is not prohibited from pursuing injunctive relief as an additional potential remedy for the pleaded intentional tort claims. The Court does not address the merits of preliminary injunctive relief, but the Parties may present such a motion to the Court.

allegation that any contract or relationship with any third party was affected by the delay.

In contrast, Plaintiff's Complaint describes its ongoing operations to construct a pipeline and states that "MVP has a contractual and business expectancy for the construction of the Project." Compl., ECF No. 1-1, at ¶ 32. Plaintiff maintains that Defendant's actions delayed the project and caused interference with the contractual and business expectancy created by the Project.

Here, the Court finds that Plaintiff's claim for tortious interference is adequately pleaded. Plaintiff alleges the essential elements, and the Complaint also contains sufficient factual allegations to elevate the prospect of recovery on this claim to plausible. Specifically, Plaintiff alleges the existence of a business expectancy and relationships relating to the construction and completion of the Project. Pursuant to a F.E.R.C. "Certificate and/or Order," the Fiscal Responsibility Act of 2023, and "subsequent federal regulatory and administrative orders," MVP is authorized for the construction of the Project. Compl., ECF No. 1-1, at ¶¶ 6-7. The Complaint references the Project's contractors, MVP's "legal right pursuant to the authorization of FERC" and "the time allowed by FERC" for construction of the Project, stating there is a "particular importance in [the Project's] speedy completion." Id. at ¶¶ 23-25. Defendant is not alleged to have

been part of any business expectancy or relationships but nonetheless "interfered with MVP's ability to construct the Project." Id. at ¶ 33. The Complaint asserts that Defendant interfered with MVP's business relationships and expectancy by causing shutdown of the project, idling of equipment and personnel, and otherwise preventing construction. Id. at ¶¶ 11, 15. Assuming at this stage that Plaintiff's allegations are true, Plaintiff's claim is plausibly stated, and Defendant's motion must be denied. As such, the Court **DENIES** the motion to dismiss with respect to Count Three.

### D. Count Four – Violation of W.Va. Code § 61-10-34

Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claim for a violation of W. Va. Code § 61-10-34. The Critical Infrastructure Act is a criminal trespass statute that provides that "[a]ny person who is arrested for or convicted of an offense under this section may be held civilly liable for any damages to personal or real property while trespassing, in addition to the penalties imposed by this section." W.Va. Code § 61-10-34(d)(1).

Plaintiff argues that common law trespass damages, including loss of use and lost profits, are recoverable under this statute. Defendant argues that the statutory language does not expand beyond physical damage to personal or real property.

The Court finds that Plaintiff has failed to sufficiently plead that Defendant's actions resulted in any damage to real or

personal property. Rather, Plaintiff's pleaded damages are limited to economic damages, which are not recoverable under the statute. As such, the Court **GRANTS** the motion to dismiss with respect to Count Four and dismisses it as a matter of law.

### E. Count Five – Civil Conspiracy

Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claim for civil conspiracy. Under West Virginia law, "[a] civil conspiracy is not a per se, stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed upon people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." Syl. Pt. 9, Dunn v. Rockwell, 689 S.E.2d 255 (W. Va. 2009). Civil conspiracy is:

> a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff.

Id. at Syl. Pt. 8. Here, the Court finds that the civil conspiracy claim fails as a matter of law. Plaintiff does not name any parties who shared a common plan for the commission of a tort, but who did not actually commit a tort themselves. Rather, Plaintiff names Defendant as the actual perpetrator of the torts alleged and only states that the "Defendant was aided and abetted by approximately eight individuals, and possibly others." Compl., ECF No. 1-1, ¶

14. Plaintiff does not bring any causes of action against the unnamed individuals who are alleged to have aided and abetted Defendant in his tortious conduct, nor does Plaintiff allege that Defendant assisted others in tortious conduct. Therefore, the Court finds that the elements of a civil conspiracy claim are not adequately pleaded. As such, the Court **GRANTS** the motion to dismiss with respect to Count Five and dismisses it as a matter of law.

### F. Count Six – Punitive Damages

Defendant's Motion to Dismiss is **GRANTED** as to the independent claim for punitive damages. Plaintiff's claim for punitive damages fails as a matter of law because "under West Virginia law, a separate cause of action for punitive damages does not exist." <u>Slampak v. Nationwide Ins. Co. of Am.</u>, 2019 WL 3304814, at *4 (N.D.W. Va. July 23, 2019). <u>See</u> <u>Cook v. Heck's Inc.</u>, 342 S.E.2d 453, 461 n.3 (W. Va. 1986); <u>Miller v. Carelink Health Plans, Inc.</u>, 82 F. Supp. 2d 574, 579 n.6 (W. Va. 2000) ("West Virginia law does not recognize an independent cause of action for punitive damages."). A "claim for punitive damages also fails because punitive damages are a form of relief rather than an independent claim." <u>Kerns v. Range Res.-Appalachia, LLC</u>, 2011 WL 197908, at *7 (N.D.W. Va. Jan. 18, 2011). Because Plaintiff is prohibited from asserting an independent claim for punitive damages under West

Virginia law, Defendant's Motion as it pertains to Count Six is **GRANTED** and is dismissed as a matter of law.[3]

## V.  CONCLUSION

For the reasons discussed herein, the Court **DENIES** Defendant's Motion to Dismiss [ECF No. 6] as to Plaintiff's claims for trespass (Count 1) and tortious interference (Count 3). Defendant's Motion to Dismiss [ECF No. 6] is **GRANTED** as to Plaintiff's claims for injunctive relief (Count 2), violation of W.Va. Code § 61-10-34 (Count 4), civil conspiracy (Count 5), and punitive damages (Count 6). Thus, the only remaining claims in this matter are trespass and tortious interference.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 3, 2025

*Tom S Kleeh*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

---

[3]  The Court notes that Plaintiff is not prohibited from pursuing punitive damages as an additional potential remedy for the pleaded intentional tort claims.