UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

MOUNTAIN VALLEY PIPELINE, LLC,

    Plaintiff,

v.                                           CIVIL ACTION NO 2:24-cv-12
                                                (KLEEH)

JEROME JAMES WAGNER

    Defendant.

## ANSWER OF JEROME JAMES WAGNER

Now come Defendant Jerome James Wagner ("Wagner"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, and responds as follows to the Complaint filed against him by Plaintiff Mountain Valley Pipeline, LLC ("MVP").

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     MVP lacks standing to bring a claim for trespass, to the extent such a claim is otherwise cognizable.

3.     MVP lacks standing to bring a claim pursuant to W. Va. Code. § 61-10-34, to the extent such a claim is otherwise cognizable.

4.     MVP cannot bring a claim for civil conspiracy in the absence of a cognizable underlying tort for which MVP has standing.

5.     MVP cannot bring a claim for civil conspiracy against a single defendant who is alleged to be the sole tortfeasor.

6.     To the extent that the Complaint asserts a separate cause of action for civil conspiracy, a legal doctrine upon which liability might be imposed for tortious activity, the

Complaint fails to state a cognizable cause of action.

7. MVP's requests for relief are barred in whole or in part by the doctrine of unclean hands.

8. MVP's request for injunctive relief is foreclosed the absence of irreparable harm, the presence of adequate remedies at law, and the mootness doctrine.

9. MVP's request for injunctive relief is barred in part by the First Amendment to the United States Constitution and W. Va. Const. Art. 3, §§ 7, 16.

10. MVP's claims fail because, to the extent MVP suffered any damages, it did so as a result of its own action(s) or omission(s), the action(s) or omission(s) of its agents, or the action(s) or omission(s) of persons or entities other than Defendant Wagner.

11. MVP's claims are barred by the doctrines of contributory and/or comparative negligence.

12. MVP's claims fail because MVP failed to mitigate any purported damages and has failed to exercise reasonable care to avoid the consequences of harms, if any, by failing to take reasonable precautions to reduce any damages and losses.

13. MVP's claims are barred, in whole or in part, by the doctrines of estoppel, collateral estoppel, laches, consent, acquiescence, and waiver.

14. Defendant Wagner specifically pleads and incorporates by reference as an affirmative defense all applicable caps, limitations, and set-offs upon any award of damages, both compensatory and punitive, which are provided by law.

15. To the extent that MVP's claims depend on any easement acquired by an unconstitutional delegation to private parties of the governmental power to take property, such claims are constitutionally infirm and unenforceable.

16. Defendant Wagner reserves the right to assert any matter constituting a

defense as a matter of law, including, without limitation, all defenses recited in Rule 12 of the Federal Rules of Civil Procedure, as the evidence adduced in this matter warrants.

## ANSWER

For his Answer to the Complaint in this matter, Defendant Wagner Defendant Wagner denies any allegation in the Complaint not expressly admitted herein, and further responds as follows:

1. Defendant Wagner admits that MVP possesses a permit to construct and operate a natural gas pipeline, but denies that the permit was lawfully issued. Defendant admits that MVP is authorized to conduct business in the State of West Virginia.

2. Defendant Wagner denies the allegations of Paragraph 2 pertaining to his residence and admits the balance of the paragraph.

3. Defendant Wagner admits the allegations of Paragraph 3.

4. Defendant Wagner admits the allegations of Paragraph 4.

5. Paragraph 5 solely restates and incorporates previous allegations in Paragraph 1 of the Complaint and Defendant Wagner incorporates his response to that Paragraph.

6. Paragraph 6 solely restates and incorporates previous allegations in Paragraph 1 of the Complaint and Defendant Wagner incorporates his response to that Paragraph.

7. Paragraph 7 solely restates and incorporates previous allegations in Paragraph 1 of the Complaint and Defendant Wagner incorporates his response to that Paragraph.

8. Defendant Wagner denies Paragraph 8 to the extent that it alleges that any easements obtained by MVP pursuant to condemnation proceedings, or the threat thereof, were lawful to the extent that MVP was unconstitutionally delegated governmental authority pertaining to the taking of property.

9. Defendant Wagner admits the portion of Paragraph 9 alleging that he has opposed

the construction of the MVP pipeline, and respectfully declines to respond to the remaining allegations based upon his Fifth Amendment testimonial privilege and his corresponding privilege against self-incrimination under W. Va. Const. Art 3, § 5.

10. Defendant Wagner denies the portion of Paragraph 10 alleging that MVP had any legally cognizable property interest in the purported subject property, and respectfully declines to respond further based upon his Fifth Amendment privilege and his corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5.

11. Defendant Wagner denies the portion of Paragraph 11 alleging, implicitly, that MVP had any legally cognizable property interest in the purported subject property, and respectfully declines to respond further based upon his Fifth Amendment testimonial privilege and his corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5.

## COUNT ONE: TRESPASS

12. Defendant Wagner incorporates his prior response in the pleading.

13. Defendant Wagner denies the portion of Paragraph 13 alleging, implicitly, that MVP had any legally cognizable property interest in the purported subject property, and respectfully declines to respond further based upon his Fifth Amendment testimonial privilege and his corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5.

14. Defendant Wagner denies the portion of Paragraph 14 alleging, implicitly, that MVP had any legally cognizable property interest in the purported subject property, and respectfully declines to respond further based upon his Fifth Amendment testimonial privilege and his corresponding privilege against self-incrimination under W. Va. Const.

Art. 3, § 5.

15. Defendant Wagner denies the portion of Paragraph 15 alleging, implicitly, that MVP had any legally cognizable property interest in the purported subject property, and respectfully declines to respond further based upon his Fifth Amendment testimonial privilege and his corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5..

16. Defendant Wagner denies the portion of Paragraph 16 alleging, implicitly, that MVP had any legally cognizable property interest in the purported subject property, and respectfully declines to respond further based upon his Fifth Amendment testimonial privilege and his corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5.

17. Defendant Wagner admits the portion of Paragraph 17 alleging that on February 7, 2024, in a plea agreement, Defendant pled guilty to obstructing an officer. Defendant denies the remaining portion of the Paragraph 17 to the extent it inaccurately suggests a judicial finding, or stipulation, regarding any particular factual basis for the plea agreement.

18. Defendant Wagner denies Paragraph 18.

## COUNT TWO: INJUNCTION

19. Defendant Wagner incorporates all prior responses in this pleading.

20. Paragraph 20 contains broad allegations of law not requiring admission or denial by Defendant Wagner.

21. Paragraph 21 contains broad allegations of law not requiring admission or denial by Defendant Wagner.

22. Defendant Wagner respectfully declines to respond to Paragraph 22 based upon

his Fifth Amendment testimonial privilege and his corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5.

23. Defendant Wagner denies the portion of Paragraph 23 alleging, implicitly, that MVP had any legally cognizable possessory interest in the purported Subject Property, lacks sufficient information to admit or deny that any purported obstruction of the Project harmed MVP as set forth in the second sentence of Paragraph 23 and therefore denies same, and respectfully declines to respond to the remaining allegations based upon his Fifth Amendment testimonial privilege and his corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5.

24. Defendant Wagner denies Paragraph 24.

25. Paragraph 25 is denied.

26. Paragraph 25 is denied.

27. .Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 26 is denied.

## COUNT THREE: TORTIOUS INTERFERENCE

30. Defendant Wagner incorporates all prior responses in this pleading.

31. . Paragraph 21 contains broad allegations of law not requiring admission or denial by Defendant Wagner.

32. Defendant lacks sufficient information to admit or deny Paragraph 32 and therefore denies same.

33. With respect to the allegations in paragraphs 33, Defendant Wagner denies that

MVP has, or has alleged, any contractual or business expectancy with a third party that was in any way adversely affected by actions or inactions by Defendant, and Defendant further asserts his Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to answer on that basis.

34. Defendant Wagner denies that MVP possessed any cognizable possessory property rights entitled to protection under the law, and further asserts his Fifth Amendment privilege and his corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to respond to the remaining allegations of Paragraph 34 on that basis.

35. Defendant Wagner lacks sufficient information to admit or deny that MVP incurred any costs or expenses as a result of any purported delay of the project and therefore denies same. Defendant Wagner denies that his actions and/or inactions in any way damaged any cognizable possessory property rights entitled to protection under the law.

## **COUNT FOUR: VIOLATION OF W. V. CODE §61-10-34**

36. Defendant Wagner incorporates his prior response in the pleading.

37. Paragraph 37 contains broad allegations of law not requiring admission or denial by Defendant Wagner.

38. Paragraph 38 contains broad allegations of law not requiring admission or denial by Defendant Wagner.

39. Paragraph 39 contains broad allegations of law not requiring admission or denial by Defendant Wagner.

40. Paragraph 40 contains broad allegations of law not requiring admission or denial by

Defendant Wagner

41. Defendant Wagner denies that MVP had any cognizable property in or on the subject property interest entitled to protection under the law, and respectfully declines to respond further and asserts his Fifth Amendment privilege and corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5.

42. Defendant Wagner lacks sufficient information to admit or deny that any purported violation of the Critical Infrastructure Protection Act caused damage to MVP and therefore denies same, and otherwise asserts his Fifth Amendment privilege and corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to respond to the remaining allegations of Paragraph 42 on that basis.

## COUNT V: CIVIL CONSPIRACY

43. Defendant Wagner incorporates all prior responses in this pleading.

44. Paragraph 44 is a broad statement of law not requiring a response from this Defendant.

45. Defendant Wagner denies Paragraph 45.

46. Defendant Wagner denies Paragraph 46.

## PUNITIVE DAMAGES

47. Defendant Wagner incorporates all prior responses in this pleading.

48. Defendant Wagner respectfully declines to respond based upon his Fifth Amendment testimonial privilege and his corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5.

49. Defendant Wagner denies that MVP is entitled to an award of punitive and exemplary damages, and respectfully declines to respond further based upon his Fifth Amendment

testimonial privilege and his corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5.

50. Defendant Wagner admits that MVP is seeking punitive damages and denies that MVP is entitled to same. Further, imposition of punitive damages in this case would violate the constitutional limits on damages articulated in *BMW of North America, Inc. v Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809; and *Garnes v. Fleming Landfill, Inc.*, 186 W.Va. 656, 413 S.E.2d 897 (1991).

**DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

**JEROME JAMES WAGNER**

By Counsel

/s/ William V. DePaulo
William V. DePaulo, Esq. #995
P. O. Box 1711
Lewisburg, WV 25901
Phone: (304) 342-5588
Fax: (866) 850-1501
william.depaulo@gmail.com

Jonathan Sidney, Esq. *Pro Hae Vice*
Colorado Bar No. 52463 Ohio Bar No. 0100561
Climate Defense Project
P.O. Box 97
Forest Hill, WV
Email: jsidney@climatedefenseproject.org
Tel: (510) 318-1549

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST
VIRGINIA
ELKINS DIVISION

MOUNTAIN VALLEY PIPELINE, LLC,

        Plaintiff,

v.                              CIVIL ACTION NO 2:24-cv-12
                                   (KLEEH)

JEROME JAMES WAGNER

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of the Court, this 21st day of March, 2025, and thereby served on Counsel for the Plaintiff as follows:

Timothy M. Miller (WVSB #2564)
Matthew S. Casto (WVSB #8174)
Robert M. Stonestreet (WVSB # 9370)
Jennifer J. Hicks (WVSB # 11423)
Austin D. Rogers (WVSB #13919)
BABST CALLAND, P.C.
300 Summers Street, Suite 1000
Charleston, WV 25301
Tel: 681.205.8888
Fax: 681.205.8814
tmiller@babstcalland.com
mcasto@babstcalland.com
rstonestreet@babstcalland.com
jhicks@babstcalland.com
arogers@babstcalland.com

                                                s/William V. DePaulo
                                                William V. DePaulo