# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

MOUNTAIN VALLEY PIPELINE, LLC,

    Plaintiff,

v.	Civil Action No. 2:24-cv-12
	Judge Kleeh

JEROME JAMES WAGNER,

    Defendant.

### PLAINTIFF'S SUPPLEMENTAL RULE 26(a)(1) INITIAL DISCLOSURES

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), by counsel, submits the following supplemental disclosures pursuant to Fed. R. Civ. P. 26(a)(1), LR Civ. P. 26.01(a), and this Court's First Order and Notice Regarding Discovery and Scheduling Conference (ECF 2).

    **A.	Individuals likely to have discoverable information and the subject of the information MVP may use to support its claims.**

MVP states that the following individuals may have discoverable information, which MVP may use to support its claims:

1. Defendant, Jerome James Wagner
   *Plaintiff anticipates that Defendant has knowledge regarding the incidents that form the basis of Plaintiff's Complaint.*

2. Lauren Casey Malhotra
   *Plaintiff anticipates that Ms. Malhotra has knowledge regarding the incidents that form the basis of Plaintiff's Complaint.*

3. Corporal Dustin G. Hebb
   West Virginia State Police, Webster Springs Detachment
   *Plaintiff anticipates that Corporal Hebb has knowledge regarding the incidents that form the basis of Plaintiff's Complaint.*

4. Corporal Shingleton
   West Virginia State Police, Webster Springs Detachment
   *Plaintiff anticipates that Corporal Shingleton has knowledge regarding the incidents that form the basis of Plaintiff's Complaint.*

5. Corporal Jordan
West Virginia State Police, Webster Springs Detachment
*Plaintiff anticipates that Corporal Jordan has knowledge regarding the incidents that form the basis of Plaintiff's Complaint.*

6. Onsite members of the Mountain Valley Pipeline Project
*Plaintiff anticipates that members of the Mountain Valley Pipeline Project that were present at the time have knowledge regarding the incidents that form the basis of Plaintiff's Complaint.*

7. Onsite security personnel
*Plaintiff anticipates that security personnel that were present at the time have knowledge regarding the incidents that form the basis of Plaintiff's Complaint.*

   a. Ralph Wright, Equitrans Midstream-MVP
   *Plaintiff supplements the previous Disclosure to name the on-site security personnel expected to testify.*

8. Brian Murphy, EQT Corporation – Surface Land Agent IV
*Mr. Murphy has knowledge of the rights of way for the Mountain Valley Pipeline Project.*

9. Jeff Klinefelter, VP, MVP Construction and Engineering
*Mr. Klinefelter has knowledge regarding damages incurred as a result of the incidents that form the basis of Plaintiff's Complaint.*

**B.    Documents and tangible things that may be used in support of MVP's claims and defenses.[1]**

Based upon the information available at this time, MVP anticipates relying on the following, and, once a determination has been made, will coordinate with counsel as to the manner in which the information will be exchanged:

1. The criminal complaint(s) arising from Defendant's actions;

2. Land Lease/Property agreements permitting MVP's use and access of the subject property;

---

[1] Plaintiff sought to produce items detailed below prior to the close of discovery and pursuant to the entry of a protective order. Plaintiff proposed a protective order previously agreed to by Defense Counsel in a different MVP Protester case. Despite this, Defense Counsel would not agree to the entry of a protective order and therefore the documents were not produced. Plaintiff lists them here to preserve their right to use them at trial.

2

3. A map of the area;

4. Master Service Agreements with third party contractors;

5. Invoices evidencing delay damages from the day of the protest;

6. Any and all other documents disclosed during discovery;

7. Relevant portions of the Fiscal Responsibility Act;

8. Relevant portions of the FERC Certificate authorizing this project; and

9. Photographs of Defendant on the worksite on November 2, 2023.

MVP reserves the right to supplement this list in the future.

### C. Computation of damages

MVP's preliminary computation of damages identified $18,744.81 in salaries, wages, and other expenses due to it as a result of Defendant's actions, but this amount may be amended or updated as discovery proceeds.

### D. Insurance

MVP is not aware of any insurance agreements under which an insurance business may be liable to satisfy all or part of a judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**MOUNTAIN VALLEY PIPELINE, LLC,**
**By counsel,**

*/s/ Austin D. Rogers*
Timothy M. Miller (WVSB No. 2564)
Robert M. Stonestreet (WVSB No. 9370)
Jennifer J. Hicks (WVSB No. 11423)
Austin D. Rogers (WVSB No. 13919)
Babst Calland. P.C.
300 Summer Street, Suite 1000
Charleston, WV 25301
Telephone: (681) 205-8888
Facsimile: (681) 205-8814
tmiller@babstcalland.com

rstonestreet@babstcalland.com  
jhicks@babstcalland.com  
arogers@babstcalland.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

MOUNTAIN VALLEY PIPELINE, LLC,

    Plaintiff,

v.                                              Civil Action No. 2:24-cv-12
                                                      Judge Kleeh

JEROME JAMES WAGNER,

    Defendant.

## CERTIFICATE OF SERVICE

The undersigned, as counsel for Plaintiff Mountain Valley Pipeline, LLC, hereby certifies that on the 27th day of May 2025, the *Certificate of Service* for **Plaintiff's Supplemental Rule 26(a)(1) Initial Disclosures** was filed via the Court's CM/ECF system which will send an electronic notification to counsel of record listed below and that a copy of **Plaintiff's Supplemental Rule 26(a)(1) Initial Disclosures** was served via electronic mail to counsel of record as follows:

William V. DePaulo, Esquire
PO Box 1711
Lewisburg, WV 25901
*Counsel for Defendant*

Jonathan Sidney, Esquire
PO Box 97
Forest Hill, WV 24935
*Counsel for Defendant*

/s/ Austin D. Rogers
Austin D. Rogers (WVSB No. 13919)

5